UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD LEE SIMKINS, III,

    Plaintiff,                                  Case No. 3:19-cv-227

vs.

CHRISTOPHER MCINTOSH, *et al.*,       District Judge Walter H. Rice
                                                         Magistrate Judge Michael J. Newman

    Defendants.

_____

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT PREJUDICE; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**
_____

       This civil case is before the Court for a *sua sponte* review of the complaint filed by *pro se* Plaintiff Richard Lee Simkins, III pursuant to 28 U.S.C. § 1915(e)(2). Doc. 1-1. Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") (doc. 1), which the Court granted by separate order. The Court, however, held service of the complaint pending a review under § 1915(e)(2). It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

       In accordance with 28 U.S.C. § 1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Courts, including the Sixth Circuit, have concluded that

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

"[a] duplicative action is subject to dismissal for frivolity or malice under § 1915(e)[.]" *Hudson v. Hood*, No. 17-1455, 2018 WL 5294849, at *1 (6th Cir. Aug. 28, 2018); *see also Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). This is so even where the defendants in a newly filed action differ from those named in an earlier filed suit. *See English v. Runda*, No. 88-6302, 1989 WL 51408, at *1 (6th Cir. May 18, 1989); *see also Bailey*, 846 F.2d at 1021.

The allegations set forth by Plaintiff in the complaint here are largely the same allegations he asserts in a separately filed civil action that remains pending before the Court. *See Simpkins v. Grandview Hosp.*, No. 3:18-CV-309, 2019 WL 3083349, at *1 (S.D. Ohio May 17, 2019), *report and recommendation adopted in part, rejected in part*, No. 3:18-CV-309, 2019 WL 3369440 (S.D. Ohio July 26, 2019) (hereinafter referred to as "the 2018 case"). Although the complaint in this case names a number of different Defendants than were named in the 2018 case, the allegations asserted here arise from the same facts and circumstances presented in that action. *See id.*; *see also* doc. 1-1 at PageID 12-31. Because Plaintiff's complaint here is duplicative of the 2018 case, and because the claims and parties against whom Plaintiff seeks to assert claims here could potentially be joined by the filing of an amended complaint in that case, the undersigned concludes that, based on the foregoing authority, this case should be dismissed without prejudice.

Accordingly, the undersigned **RECOMMENDS** that: (1) this case be **DISMISSED WITHOUT PREJUDICE**; and (2) this action be **TERMINATED** on the Court's docket. The Clerk is **ORDERED** to mail a copy of this Report and Recommendation to all named Defendants.

Date: August 26, 2019   s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).