IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD LEE SIMKINS, III,
    Plaintiff,

v.

CHRISTOPHER McINTOSH, et al.,
    Defendants.

Case No. 3:19-cv-227

JUDGE WALTER H. RICE

DECISION AND ENTRY REJECTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #8); SUSTAINING PLAINTIFF'S OBJECTIONS THERETO (DOC. #13); OVERRULING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR RULE 4(c)(3) SERVICE OF FIRST AMENDED COMPLAINT (DOC. #14); OVERRULING AS MOOT DOCS. ##3, 4, AND 12

Plaintiff, who is proceeding *pro se*, filed the above-captioned lawsuit on August 20, 2019, and requested that the Clerk of Court hold service so that he could attempt to negotiate a settlement with Defendants. Docs. ##3, 4. Given that Plaintiff was granted leave to file suit *in forma pauperis*, service of the Complaint was held pending initial review under 28 U.S.C. § 1915. Doc. #5.

On August 26, 2019, United States Magistrate Judge Michael J. Newman recommended that the case be dismissed without prejudice as many of the claims were duplicative of the claims asserted in *Simkins v. Grandview Hospital, et al.*, Case No. 3:18-cv-309, also pending before this Court. He found that any

additional claims asserted in the above-captioned case could be joined by the filing of an Amended Complaint in the *Grandview Hospital* action. Doc. #8.

Thereafter, on September 3, 2019, Plaintiff paid the $400 filing fee and the Court allowed him to withdraw his *in forma pauperis* status. He filed his First Amended Complaint and Request for Injunction, Doc. #9, along with a Motion to Hold Service of that document, Doc. #12. On September 9, 2019, he filed timely Objections to the Report and Recommendations, Doc. #13, arguing that, because he had paid the filing fee, screening of his Complaint by the Magistrate Judge was no longer appropriate. On the same date, he moved to voluntarily dismiss all remaining claims in the *Grandview Hospital* case, indicating his desire to consolidate all claims in the instant lawsuit.[1]

Given that Plaintiff has now paid the filing fee, screening under 28 U.S.C. § 1915(e)(2) is no longer required or appropriate. Accordingly, the Court SUSTAINS Plaintiff's Objections, Doc. #13, and REJECTS the Report and Recommendations, Doc. #8, on this basis. Plaintiff is entitled to proceed with the claims asserted in the First Amended Complaint, Doc. #9. The Court OVERRULES AS MOOT Plaintiff's requests for the Clerk to hold service. Docs. ##3, 4, and 12.

On October 25, 2019, Plaintiff filed a Request for Rule 4(b)(3) Service of the First Amended Complaint, Doc. #14. He asks the Court to order service by the

---

[1] Contemporaneous with this filing, the Court has sustained Plaintiff's motion to voluntarily dismiss all remaining claims in the *Grandview Hospital* case and terminated that case.

United States Marshal Service on all twenty named Defendants. The Court presumes that Plaintiff's citation to Rule 4(b)(3) is a typographical error and that he intended to cite to Federal Rule of Civil Procedure 4(c)(3), which states, in relevant part, that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."

Although service by the United States Marshal is an option, a *pro se* plaintiff who is not proceeding *in forma pauperis* must typically first attempt service by other means. *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4-5 (D.D.C. 2003) (discussing congressional intent to relieve United States marshals of the burden of serving summonses and complaints in civil actions). At this point, Plaintiff has failed to show that he has attempted service by other means in accordance with the requirements of Fed. R. Civ. P. 4. He states only that he "emailed attorneys known to represent Defendants in efforts to compel them to waive such service with no reply." Doc. #14, PageID#159. Such an email request, however, would not comply with the requirements of Rule 4.

Accordingly, the Court OVERRULES WITHOUT PREJUDICE Plaintiff's Request for Rule 4([c])(3) Service of Complaint, Doc. #14. Given Plaintiff's *pro se* status, the Court will give Plaintiff 90 days from the date of this Decision and Entry to perfect service of the Amended Complaint on Defendants in accordance with Fed. R. Civ. P. 4. After that time, Plaintiff may re-file his request for service by the United States Marshal; however, any such request must be accompanied by

3

an explanation of why he has been unable to serve each Defendant by other authorized means.

Date: October 29, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE