UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD LEE SIMKINS, III,

     Plaintiff,                       Case No. 3:19-cv-227

vs.

CHRISTOPHER MCINTOSH, *et al.*,     District Judge Walter H. Rice
                                     Magistrate Judge Michael J. Newman

     Defendants.

---

**ORDER AND ENTRY: (1) GRANTING *PRO SE* PLAINTIFF AN EXTENSION OF TIME TO COMPLETE SERVICE (DOC. 54); (2) DENYING PLAINTIFF'S MOTION FOR PERSONAL SERVICE BY THE UNITED STATES MARSHAL (DOCS. 54, 67); AND (3) FINDING GOOD CAUSE TO DELAY ENTRY OF A SCHEDULING ORDER**

**\*\*\***

**REPORT AND RECOMMENDATION[1] THAT THE MOTIONS TO DISMISS FILED BY DEFENDANTS MCINTOSH, BLAKE, AND LEWIS (DOCS. 34, 39, 40) BE DENIED AS MOOT WITHOUT PREJUDICE TO REFILING**

---

     This civil case is before the Court is before the Court on the motions to dismiss filed by Defendants Christopher McIntosh (doc. 34), Joseph Blake, M.D. (doc. 39), and Brian Lewis (doc. 40). Each of these Defendants move to dismiss the action against them for failure of timely service of process under Rule 4(m). Plaintiff filed a memorandum in opposition to Defendants' motions requesting an extension of time to perfect service of process and requesting that the Court order personal service on Defendants be performed by the United States Marshal. Docs. 54, 67.

     Plaintiff originally filed this action by moving for leave to proceed *in forma pauperis* ("IFP") on August 1, 2019. Doc. 1. The undersigned initially granted Plaintiff's request to proceed

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

IFP but subsequently issued a Report and Recommendation recommending that the action be dismissed upon initial review under 28 U.S.C. § 1915 because this action was duplicative of another action filed by Plaintiff that remained pending before the Court. Doc. 8. Following issuance of the Report and Recommendation, Plaintiff moved to withdraw from IFP status in this case -- which the Court granted -- and paid the required civil case filing fee of $400.00. *See* doc. 10, 15. On that same date, Plaintiff moved to voluntarily dismiss his other action pending in this Court. *See* doc. 15 at PageID 161.

Ultimately, on October 30, 2019, the Court granted Plaintiff's request to voluntarily dismiss his other pending civil action and, accordingly, permitted this action to proceed. *Id*. At that time, the Court also denied Plaintiff's request for the United States Marshal to serve Defendants under Fed. R. Civ. P. 4(c)(3) and gave Plaintiff 90 days from that date, *i.e.*, until January 28, 2020, to perfect service on all Defendants. *Id*. at PageID 162. Soon after expiration of the January 28, 2020 deadline for perfecting service, Defendants McIntosh, Blake, and Lewis filed the motions to dismiss now before the Court. Docs. 34, 39, 40.

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over Defendants. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein).

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

Fed. R. Civ. P. 4(m).  Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made.  *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

A plaintiff is entitled to an "appropriate" extension of the service period upon showing good cause for the failure to effect timely service.  Fed. R. Civ. P. 4(m); *Osborne v. First Union Nat'l Bank*, 217 F.R.D. 405, 408 (S.D. Ohio 2003).  Even in the absence of good cause, the Court maintains discretion to grant an extension of time to effectuate service of process.  *See* Fed. R. Civ. P. 4(m); *Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999); *Freeman v. Collins*, No. 2:08-CV-71, 2011 WL 4914837, at *4 (S.D. Ohio Oct. 17, 2011).

Here, regardless of whether good cause exists to grant Plaintiff an extension of time to perfect service on Defendants, the undersigned, in the interest of justice, nevertheless **GRANTS** Plaintiff an extension of time up to and including **June 4, 2020** within which to perfect service of process on Defendants.  Plaintiff is **NOTIFIED** that, should he fail to perfect service on or before June 4, 2020, claims asserted against any Defendant not properly served may be dismissed pursuant to Fed. R. Civ. P. 4(m).  The Court anticipates granting no further extensions of time to complete service in the absence of extraordinary circumstances.

Insofar as Plaintiff requests that personal service be performed by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c), Plaintiff's motion is **DENIED**.  Rule 4(c) states that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court"; except that "[t]he court must so order if the plaintiff is authorized to proceed *in forma pauperis*[.]"  Fed. R. Civ. P. 4(c)(3).  Here, Plaintiff is not proceeding IFP and, as set forth in the Court's General Order 20-09 -- which was previously

served on Plaintiff -- the Court has suspended personal service pending further order because of the exigent circumstances created by COVID-19.

Having granted Plaintiff an extension of time to perfect service on Defendants, the undersigned **RECOMMENDS** that the motions to dismiss filed by Defendants McIntosh, Blake, and Lewis (docs. 34, 39. 40) be **DENIED AS MOOT WITHOUT PREJUDICE** to refile. Finally, other motions to dismiss -- or for judgment on the pleadings -- pursuant to Fed. R. Civ. P. 12(b)(6) remain pending. *See* docs. 21, 24, 28, 70. A Report and Recommendation on those pending motions will issue by separate entry.  In light of those pending dispositive motions, and in light of the fact that not all named Defendants have been served, the undersigned finds good cause to delay issuance of a scheduling order under Fed. R. Civ. P. 16.


Date:   April 21, 2020                                    s/ Michael J. Newman
                                                          Michael J. Newman
                                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).