IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD LEE SIMKINS, III,      :

      Plaintiff,

                  Case No. 3:19-cv-227

v.                  :

                  JUDGE WALTER H. RICE

GRANDVIEW HOSPITAL, *et al.*,

      Defendants.      :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #90); OVERRULING STEFANIE
HORNE, M.D. AND ADAN FUENTES, D.O.'S OBJECTIONS
THERETO (DOC. #91); SUSTAINING IN PART AND OVERRULING IN
PART DEFENDANTS DAVID JENKINS AND SHAWN MARIEN'S
OBJECTIONS THERETO (DOC. #92); SUSTAINING IN PART AND
OVERRULING IN PART PLAINTIFF'S OBJECTIONS THERETO (DOC.
#93); SUSTAINING IN PART AND OVERRULING IN PART KHN
DEFENDANTS' PARTIAL MOTION TO DISMISS FIRST AMENDED
COMPLAINT (DOC. #21); OVERRULING DEFENDANT NICHOLAS
BRIENZA'S MOTION TO DISMISS (DOC. #24); SUSTAINING IN
PART AND OVERRULING IN PART *PRO SE* PLAINTIFF SIMKINS'
MOTION TO DISMISS COUNTERCLAIMS (DOC. #28); SUSTAINING
DEFENDANT JANSSEN PHARMACEUTICALS, INC.'S MOTION FOR
JUDGMENT ON THE PLEADINGS (DOC. #70); SUSTAINING IN
PART AND OVERRULING IN PART MOTION OF DEFENDANTS
STEFANIE K. HORNE, M.D., AND ADAN FUENTES, D.O., TO
DISMISS PLAINTIFF'S COMPLAINT AND/OR FOR SUMMARY
JUDGMENT (DOC. #78)

---

On July 23, 2020, United States Magistrate Judge Michael J. Newman

issued a Report and Recommendations, Doc. #90. Therein, he recommended that

the Court: (1) sustain in part and overrule in part the Partial Motion to Dismiss,

Doc. #21, filed by Defendants Dayton Osteopathic Hospital d/b/a Grandview Hospital, Kettering Adventist Healthcare d/b/a Kettering Health Network, Grandview Foundation, Andrew Paul Brochu, Loredel E. Corneja, Nicole VanHorne, David Jenkins, Shawn Louis Marien, and Shannon Ravine (the "KHN Defendants"); (2) sustain Defendant Nicholas Brienza's Motion to Dismiss, Doc. #24; (3) sustain in part and overrule in part *pro se* Plaintiff's Motion to Dismiss Counterclaims, Doc. #28; (4) sustain Defendant Janssen Pharmaceuticals, Inc.'s Motion for Judgment on the Pleadings, Doc. #70; and (5) sustain in part and overrule in part the Motion of Defendants Stefanie K. Horne, M.D. and Adan Fuentes, D.O., to Dismiss Plaintiff's Complaint and/or for Summary Judgment, Doc. #78.

This matter is currently before the Court on Objections to that Report and Recommendations, filed by Defendants Stefanie Horne, M.D. and Adan Fuentes, D.O., Doc. #91, Defendants David Jenkins and Shawn Marien, Doc. #92, and by Plaintiff, Doc. #93. The Court must make a *de novo* review of those portions of the Report and Recommendations to which proper Objections have been made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

The relevant facts are set forth in the Report and Recommendations and will not be repeated here. Plaintiff's claims against various law enforcement officers and health care professionals stem from a motorcycle accident and the medical treatment he received following that accident.

Magistrate Judge Newman interpreted Plaintiff's Amended Complaint, Doc. #9, as asserting civil rights and conspiracy claims under 42 U.S.C. §§ 1983 and

2

1985, and state law claims of medical and non-medical assault and battery, rape, intentional infliction of emotional distress, and products liability. Defendants KHN and Grandview Hospital filed counterclaims for defamation and tortious interference with a business relationship. Doc. #20.

## I. KHN Defendants' Partial Motion to Dismiss (Doc. #21)

The KHN Defendants (Dayton Osteopathic Hospital d/b/a Grandview Hospital, Kettering Adventist Healthcare d/b/a Kettering Health Network, Grandview Foundation, Andrew Paul Brochu, Loredel E. Corneja, Nicole VanHorne, David Jenkins, Shawn Louis Marien, and Shannon Ravine) have moved to dismiss all claims brought against them except for the claims of medical assault and battery. Doc. #21. Magistrate Judge Newman recommended that the Court sustain this motion in part and overrule it in part.

### A.

No party has objected to Magistrate Judge Newman's recommendations that the Court dismiss: (1) all claims against Grandview Foundation, Andrew Brochu and Richard Biehl,[1] Doc. #90, PageID##645-46; (2) all non-medical assault and battery claims brought against the KHN Defendants, *id.* at PageID#651; (3) all conspiracy claims brought under 42 U.S.C. § 1985, *id.* at PageID#647 n.8; (4) all criminal charges of rape and assault, *id.* at PageID#652; and (5) all 42 U.S.C.

---

[1]    Although Brochu and Biehl were named as Defendants in the original Complaint, they were omitted from the Amended Complaint.

§ 1983 claims brought against Loredel E. Corneja, Nicole VanHorne, Shannon Ravine, Grandview Hospital and KHN, *id.* at PageID##649-50.[2]  The Court ADOPTS these portions of the Report and Recommendations, and DISMISSES these claims against these KHN Defendants WITH PREJUDICE.

Magistrate Judge Newman found that Plaintiff had alleged plausible medical assault and battery claims against Defendants Jenkins, VanHorne, Marien, Ravine and Corneja, and against Grandview Hospital and KHN by application of *respondeat superior*.[3]  He therefore recommended that the Court deny the motions to dismiss the medical assault and battery claims against these defendants.  *Id.* at PageID#651.  No one has objected to this recommendation.  The Court ADOPTS this portion of the Report and Recommendations and OVERRULES the motion to dismiss the medical assault and battery claims against these defendants.

**B.**

On a somewhat related note, but outside the scope of KHN's motion, Plaintiff has also sued EmCare, alleging that it, along with Grandview Hospital and KHN, is liable on a *respondeat superior* basis for the conduct of its doctors.  Doc.

---

[2]  He also recommended dismissal of the § 1983 claims against Dr. Joseph Blake, Dr. Stefanie Horne, Dr. Adan Fuentes and Andrew Lane, but these are outside the scope of KHN's motion.

[3]  He also found that Plaintiff had stated plausible medical assault and battery claims against Dr. McIntosh and Dr. Horne, but these are outside the scope of KHN's motion.

#9, PageID#132. EmCare has not moved to dismiss the claims filed against it, and Magistrate Judge Newman therefore did not address any such claims.

Nevertheless, in his Objections to the Report and Recommendations, Plaintiff cites to a portion of that judicial filing in which Magistrate Judge Newman recommended dismissal of "state assault and battery claims against the other remaining Defendants," Doc. #90, PageID#651. Plaintiff interprets this statement to include his medical assault and battery claims against EmCare, and argues that such claims should be not dismissed.

The Court OVERRULES Plaintiff's Objection AS MOOT. Magistrate Judge Newman's recommended dismissal of "state assault and battery claims against the other remaining Defendants" clearly refers only to Plaintiff's claims of *non-medical* assault and battery, given that it immediately follows his discussion of the assault and battery claims brought against four of the police officers. In short, Plaintiff's claims against EmCare were not the subject of the Report and Recommendations, and they remain pending.

## C.

Magistrate Judge Newman recommended that the Court deny the motion to dismiss the § 1983 claims and the intentional infliction of emotional distress claims against Dr. David Jenkins and Dr. Shawn Marien. Doc. #90, PageID##649, 651-52. Jenkins and Marien have filed Objections to these portions of the Report and Recommendations, Doc. #92, arguing that Magistrate Judge Newman erred in

declining to recommend dismissal of these claims.  Defendants' Objections are

OVERRULED IN PART and SUSTAINED IN PART.

Plaintiff's Amended Complaint contains the following factual allegations in

support of his § 1983 and intentional infliction of emotional distress claims against

Jenkins and Marien.  Plaintiff alleges that, when he was taken to Grandview

Hospital, he informed the staff that he did not want to be treated there or given

any drugs.  Doc. #9, PageID#128.  Plaintiff was told he was going to be "pink

slipped," *i.e.,* involuntarily committed.  *Id.* at PageID#129.  Plaintiff alleges that Dr.

Jenkins and Dr. Marien heard him refuse treatment.  *Id.* at PageID#131.  Dr.

Jenkins nevertheless ordered numerous CT scans and x-rays.  *Id.*  Plaintiff

maintains that Jenkins and Marien acted "in concert" with Officers Lewis and

Spears "under authority or color of state law."  *Id.* at PageID#132.

Jenkins and Marien allegedly participated in the forced drugging of Plaintiff

to wipe out his memory.  Plaintiff alleges that "it is the plausible presumption that

this is done under the continued direction of Lewis and Joshua Spears."  *Id.* at

PageID#135.  Plaintiff alleges that Dr. Jenkins and Dr. Marien were both present

and forcibly searched his anus "via an unwanted and unauthorized enema forcibly

performed by a Jane Doe, who was acting under direct orders from Lewis and

Marien."  *Id.* at PageID#145.[4]

---

[4]  Plaintiff also characterizes this search as a rape.

6

Additional allegations involve only Dr. Marien. Plaintiff alleges that, while the enema was being administered, Dr. Marien, along with Officers Lewis and Spears, displayed a "distinct sexual schadenfreude."[5] *Id.* They also allegedly threatened to murder Plaintiff by "ripping the Plaintiff's guts out if he did not submit to demands of signing consent forms." *Id.* at Page ID##134, 145. Plaintiff alleges that Dr. Marien told him that he should kill himself, and called him numerous disparaging names. In order to further facilitate memory loss, Dr. Marien allegedly stopped Plaintiff's heart three times and then revived him. *Id.* at PageID##135-36. Dr. Marien later allegedly warned Plaintiff that if he told anyone about what had happened, Plaintiff would be murdered by the Lewis family. *Id.* at PageID##139-40. This statement was allegedly made "at the direction of Lewis and Spears." *Id.* at PageID#140.

With these allegations in mind, the Court turns first to the § 1983 claims. Magistrate Judge Newman found that, although Dr. Jenkins and Dr. Marien are private physicians, the allegations in the Amended Complaint were sufficient to state plausible § 1983 claims against them. Quoting *Dallas v. Holmes*, 137 F. App'x 746, 751 (6th Cir. 2005), he noted that private persons may be deemed "state actors for purposes of § 1983 . . . if there is cooperation or concerted activity between the state and private actors." Doc. #90, PageID##648-49.

---

[5]  "Schadenfreude" is defined as "enjoyment obtained from the troubles of others." https://www.merriam-webster.com/dictionary/schadenfreude

In support of his recommendation that Plaintiff be permitted to proceed on

his § 1983 claims against the doctors, Magistrate Judge Newman cited the related

cases of *United States v. Booker*, 728 F.3d 535 (6th Cir. 2013) and *Booker v.

LaPaglia*, 617 F. App'x 520 (6th Cir. 2015). In those cases, the Sixth Circuit

found that Dr. LaPaglia, a private physician, could be deemed a state actor for

purposes of the alleged Fourth Amendment violation, where he paralyzed and

intubated a criminal suspect without his consent so that he could search the

suspect's rectum for drugs in the presence of police officers. In *United States v.

Booker*, the court held:

> LaPaglia must be treated as a government agent for Fourth
> Amendment purposes because the suspect was in the physical control
> of the police, the police knew what LaPaglia was going to do, the
> police knew that Booker did not consent, and a reasonable police
> officer would know that the doctor did not, independent of police
> direction, have the legal authority to intubate and paralyze the suspect
> without his consent.

728 F.3d at 541.

Dr. Jenkins and Dr. Marien argue that it is not enough that Plaintiff alleges

that uniformed police officers were present in the hospital room while Plaintiff was

being treated, and that Plaintiff offers nothing more than conclusory statements

that the doctors were acting in concert with the officers. The doctors maintain

that Plaintiff does not allege that, in administering any particular treatment or

diagnostic procedure, they acted at the direction of the officers, or that the officers

and the doctors acted with any common interest, such as to recover narcotics that

they believed were stored inside Plaintiff's rectum.

Given the liberal pleading standards to be afforded *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court finds that Magistrate Judge Newman did not err in recommending that the Court deny the motion to dismiss the § 1983 claims against Dr. Jenkins and Dr. Marien. It is not clear from the allegations in the Amended Complaint whether Plaintiff was in police custody while he was at the hospital; however, the medical records he attached to his Amended Complaint show that Dayton police officers were present at his bedside, and that Plaintiff requested a lawyer. Doc. #9, PageID#150. It is also not clear at this juncture why Plaintiff was given an enema or why the doctors searched his rectum. However, it can again be inferred from the medical records that there was a concern that he was under the influence of illegal drugs. The records show that Plaintiff was administered Naloxone, a drug typically used to treat narcotics overdoses. *Id.* at PageID#152. It could reasonably be inferred that, in administering an enema and searching Plaintiff's rectum, the doctors were looking for contraband, much like the doctor in the *Booker* case.

The allegations also support a finding that the doctors were acting at the direction of law enforcement officers. Plaintiff alleges that Jenkins and Marien acted "in concert" with Officers Lewis and Spears. *Id.* at PageID#132. This same allegation is made in connection with the "forced drugging" of Plaintiff, *id.* at PageID#135 ("done under the continued direction of Lewis and Joshua Spears"), and in connection with the enema administered against Plaintiff's will, *id.* at PageID#145 ("acting under direct orders from Lewis and Marien.").

9

In the Court's view, construing the allegations of the Amended Complaint in the light most favorable to Plaintiff, accepting its allegations as true, and drawing all reasonable inferences in his favor, *see Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012), Plaintiff has stated a plausible claim that Dr. Jenkins and Dr. Marien should be deemed "state actors" for purposes of § 1983. The Court therefore OVERRULES Defendants' Objections, ADOPTS this portion of the Report and Recommendations, and OVERRULES the motion to dismiss the § 1983 claims asserted against Dr. Jenkins and Dr. Marien.

The Court turns next to the intentional infliction of emotional distress claims. Magistrate Judge Newman recommended dismissal of these claims against all KHN Defendants except Dr. Jenkins and Dr. Marien. Doc. #90, PageID##651-52. Again, these two doctors have filed Objections, Doc. #92, to this portion of the Report and Recommendations, arguing that Magistrate Judge Newman erred in declining to recommend dismissal of these claims.

As Magistrate Judge Newman noted, under Ohio law, a plaintiff seeking to establish a claim of intentional infliction of emotional distress must prove:

> (1) the defendant intended to cause, or knew or should have known that his actions would result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure.

10

*Shugart v. Ocwen Loan Servicing, LLC*, 747 F. Supp. 2d 938, 944–45 (S.D. Ohio 2010) (quoting *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 915 N.E.2d 696, 712–13 (Ohio Ct. App. 10 Dist. 2009)).

Plaintiff alleges that Dr. Jenkins ordered CT scans and x-rays, and participated in his forced drugging and the search of his rectum. The Court agrees with Dr. Jenkins that, under the circumstances presented here, these allegations are insufficient to state a plausible claim of intentional infliction of emotional distress against him. Plaintiff was involuntary admitted to the hospital following a motorcycle accident. He had "trauma to face . . . slurred speech. . . swelling, bleeding, abrasions, laceration to right eye, left hand pain." Doc. #9, PageID#150. The medical records also indicate that he was "very uncooperative." *Id.*

Given that Plaintiff was involuntarily admitted and obviously injured, Dr. Jenkins' alleged conduct in ordering CT scans and x-rays, administering drugs and searching his rectum, does not rise to the level of "extreme and outrageous" conduct, even if Plaintiff refused to consent to such treatment. Moreover, the Amended Complaint is devoid of allegations to support any finding that Dr. Jenkins acted intending to cause Plaintiff serious emotional distress. For these reasons, the Court SUSTAINS Dr. Jenkins' Objections, and REJECTS this portion of the Report and Recommendations. The intentional infliction of emotional distress claim against Dr. Jenkins is DISMISSED WITH PREJUDICE.

Plaintiff's allegations against Dr. Marien, however, are far more serious. In addition to the forced drugging and the rectal search, Plaintiff alleges that Dr.

Marien displayed "sexual schadenfreude" while Plaintiff was being administered the enema, threatened to kill him by ripping his guts out if he did not sign the consent forms, told him that he should kill himself, called him vulgar names, stopped his heart three times, and told him that if he told anyone what had been done to him, he would be murdered by Lewis's family.

Construing the allegations of the Amended Complaint in the light most favorable to Plaintiff, accepting his allegations as true, and drawing all reasonable inferences in his favor, the Court finds that Plaintiff has stated a plausible claim of intentional infliction of emotional distress against Dr. Marien. The factual allegations support a finding that Dr. Marien "intended to cause, or knew or should have known that his actions would result in serious emotional distress," that his "conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community," that his "actions proximately caused psychological injury to the plaintiff," and that "plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure." *Shugart*, 747 F. Supp. 2d at 945.

For these reasons, the Court OVERRULES Dr. Marien's Objections, and ADOPTS this portion of the Report and Recommendations. The Court OVERRULES the motion to dismiss the intentional infliction of emotional distress claim against Dr. Marien.

12

## II. Defendant Nicholas Brienza's Motion to Dismiss (Doc. #24)

Plaintiff is unsure of the identity of the first officer to respond to the scene of his motorcycle accident. In the First Amended Complaint, Plaintiff alleges that this officer was either Brian Lewis, John Doe or perhaps Nicholas Brienza. His subsequent references to "Lewis" expressly encompass each of these possibilities. *See* Doc. #9, PageID#125 ("John Doe, Nic[h]olas Brienza of the Dayton Police Department, or in fact one Brian Lewis PSN#823, *herein referred to as 'Lewis.'*"). Later in the pleading, Plaintiff again states, "at all times 'Lewis' could actually be Nic[h]olas Brienza . . . Also, it is possible th[at] such individuals were actually both on the scene and participated in collusion[,] in tortious conduct as well, and a minimal amount of discovery will reveal such." *Id.* at PageID#145. Plaintiff alleges that this individual, or these individuals, physically assaulted him, threatened to kill him, directed Dr. McIntosh to give him drugs without his consent, and engaged in other disturbing behavior at the hospital.

Defendant Nicholas Brienza filed a Motion to Dismiss, arguing that Plaintiff failed to allege that he "did anything or even participated in any of the events." Doc. #24, PageID#266. Magistrate Judge Newman recommended sustaining this motion, agreeing that Plaintiff failed to state any plausible claim against Brienza, and that his allegation that Lewis might actually be Brienza was too conclusory. Doc. #90, PageID#649. In rejecting Plaintiff's request for discovery to determine the true identity of the officer who first responded to the scene, the Magistrate

13

Judge noted that "there is no general right to discovery upon the filing of the complaint." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).

Plaintiff has filed Objections to this portion of the Report and Recommendations. Doc. #93. He notes that Fed. R. Civ. P. 8(d)(2) permits him to plead claims in the alternative, and argues that he has stated plausible § 1983 and intentional infliction of emotional distress claims against Brienza. The Court SUSTAINS Plaintiff's Objections and REJECTS this portion of the Report and Recommendations.

As previously noted, *pro se* litigants are held to less stringent pleading standards. Moreover, Plaintiff correctly notes that Rule 8(d)(2) permits him to plead alternative theories of relief. If some or all of the conduct alleged in the First Amended Complaint is, in fact, attributable to Brienza rather than Lewis, then Plaintiff has stated plausible claims against Brienza. In the Court's view, Plaintiff's factual allegations are sufficient to survive Brienza's motion to dismiss, and Plaintiff is entitled to some discovery to find out the true identity of the responding officer. The Court therefore OVERRULES Defendant Nicholas Brienza's Motion to Dismiss, Doc. #24.

## III. Andrew Lane

In the Amended Complaint, Plaintiff alleges that Officer Andrew Lane threatened to throw him in the river and leave him to die if he did not cooperate in making altered videos at the scene of the accident. He further alleges that Lane

14

committed assault and battery by untucking Plaintiff's shirt, and telling him that he needed stitches, setting him up for later medical assaults and batteries at the hospital.  Doc. #9, PageID##127-28.

In the Report and Recommendations, Magistrate Judge Newman recommended that the § 1983 claims against Lane be dismissed.  Doc. #90, PageID#649.  Plaintiffs has filed Objections to this portion of the Report and Recommendations, arguing that he has stated a plausible claim for relief against Lane.  Doc. #93.

The Court SUSTAINS Plaintiff's Objection, albeit on different grounds. Defendant Lane has not yet moved to dismiss any of the claims filed against him. Given that Plaintiff has paid the filing fee in this case, his Complaint is not subject to screening by the Magistrate Judge under 28 U.S.C. § 1915(a).  Under the circumstances presented here, Magistrate Judge Newman's recommendation that the claims against Andrew Lane be dismissed is somewhat gratuitous.  Unless and until Defendant Lane successfully moves to dismiss the claims asserted against him, those claims remain pending.[6]

---

[6]  The same is true with respect to Magistrate Judge Newman's recommendation that Plaintiff's § 1983 claims against Joseph Blake, M.D., be dismissed.  Doc. #90, PageID#649.  Plaintiff alleges that Dr. Blake, of KHN, viewed his CT scan despite Plaintiff's instructions that KHN was not to be involved in his healthcare. Doc. #9, PageID#144.  It is not clear whether Dr. Blake has ever been properly served in this case.  Nevertheless, because Dr. Blake has not moved for dismissal of the claims brought against him, those claims remain pending.

## IV.    Plaintiff's Motion to Dismiss Counterclaims (Doc. #28)

Plaintiff has moved to dismiss the counterclaims of defamation and tortious interference with business relationship filed against him by KHN and Grandview Hospital.  Doc. #28.  Magistrate Judge Newman recommended that the Court overrule Plaintiff's motion with respect to the defamation counterclaim, but sustain it as to the counterclaim for tortious interference with business relationship.  Doc. #90, PageID##653-56.  No objections to this portion of the Report and Recommendations have been filed.

Based on the reasoning and citations of authority set forth by Magistrate Judge Newman, the Court ADOPTS this portion of the Report and Recommendations.  Plaintiff's Motion to Dismiss Counterclaims, Doc. #28, is SUSTAINED IN PART and OVERRULED IN PART.  The counterclaim for tortious interference with business relationship is DISMISSED WITH PREJUDICE.  KHN and Grandview Hospital may proceed, however, on their counterclaim for defamation.

## V.    Defendant Janssen Pharmaceuticals, Inc.'s Motion for Judgment on the Pleadings (Doc. #70)

Defendant Janssen Pharmaceuticals, Inc., has filed a Motion for Judgment on the Pleadings.  Doc. #70.  Plaintiff alleges that Janssen manufactures and markets the drug Haldol, and knowingly makes it available for "off-label" usage, knowing of its dangerous side effects.  Doc. #9, PageID#142.

16

Janssen argues that Plaintiff's medical records, attached to his First Amended Complaint, show that Plaintiff was not prescribed Haldol in the form of the brand-name drug manufactured and sold by Janssen. Moreover, even if he were prescribed Haldol, his failure to allege a defect in that drug bars any claim under the Ohio Product Liability Act. Janssen also argued that any § 1983 claims are subject to dismissal because Plaintiff failed to allege that Janssen is a state actor. Doc. #70.

In his memorandum in opposition to Janssen's motion, Plaintiff did not respond to any of these arguments. Instead, he argued that Janssen should be held liable for marketing its drug for "off-label" use. Doc. #76, PageID##575-76. Janssen correctly notes that this is a brand-new argument unsupported by any factual allegations in the First Amended Complaint. Even if the medical records showed that Plaintiff was prescribed Haldol for an "off-label" use, which they do not, Janssen would not be liable because the decision to prescribe a particular drug for "off-label" use belongs to the physician, not the drug manufacturer. Doc. #79.

Magistrate Judge Newman recommended that the Court sustain Janssen's Motion for Judgment on the Pleadings because the Food, Drug, and Cosmetic Act ("FDCA"), which governs off-label use of prescription drugs, contains no private right of action, and because Plaintiff's claim is preempted by the FDCA. Doc. #90, PageID##652-53. Plaintiff has not filed any Objections to this portion of the Report and Recommendations.

To the extent that the Report and Recommendations recommends dismissal of all claims against Janssen, the Court ADOPTS said judicial filing. The Court SUSTAINS Janssen Pharmaceuticals' Motion for Judgment on the Pleadings, Doc. #70, and DISMISSES all claims against Janssen WITH PREJUDICE, not only for the reasons stated by Magistrate Judge Newman, but also for the reasons argued by Janssen in its memoranda, Docs. ##70, 79.

## VI.  Defendants Stefanie K. Horne, M.D., and Adan Fuentes, D.O.'s Motion to Dismiss Plaintiff's Complaint and/or for Summary Judgment (Doc. #78)

Defendants Stefanie K. Horne, M.D., and Adan Fuentes, D.O., filed a Motion to Dismiss Plaintiff's Complaint and/or for Summary Judgment, Doc. #78, and submitted affidavits in support of that motion. Plaintiff offered no evidence to rebut those affidavits.

Magistrate Judge Newman recommended that the Court grant in part and deny in part the motion to dismiss, and deny the motion for summary judgment without prejudice. Doc. #90, PageID##656-57. In doing so, he did not discuss the possibility of converting the motion to dismiss into a motion for summary judgment so that he could consider the affidavits.

The two doctors filed Objections to the Report and Recommendation, Doc. #91. In part, they simply seek clarification concerning the scope of the recommended dismissal of the claims brought against them. The Court agrees with Defendants that Magistrate Judge Newman appears to recommend dismissal of all claims against Dr. Fuentes. Plaintiff has not objected to this

18

recommendation. The Court ADOPTS this portion of the Report and Recommendations, and DISMISSES all claims against Dr. Fuentes WITH PREJUDICE.

Magistrate Judge Newman also recommended dismissal of all claims against Dr. Horne, except the claim of medical assault and battery.[7] As to this one remaining claim, Dr. Horne maintains that Magistrate Judge Newman erred in refusing to convert the motion to dismiss into a motion for summary judgment so that he could consider the affidavit attached to her motion, which she claims would be dispositive. She further contends that Plaintiff is not entitled to any discovery on the medical assault and battery claim.

The medical assault and battery claim against Dr. Horne, appears to be based, in part, on conduct that took place on September 13-14, 2017, at Grandview Hospital, *see* Doc. #9, PageID##137-38, 140-41, and, in part, on conduct that took place during follow-up office visits on January 12, 2018, and February 2, 2018, *id.* at PageID##142-44. In her affidavit, Dr. Horne denies having any contact whatsoever with Plaintiff at Grandview Hospital on September

---

[7] Magistrate Judge Newman stated that Plaintiff sufficiently alleged medical "battery claims" against Dr. Horne. Doc. #90, PageID#651. Dr. Horne seeks clarification of whether the same is true with respect to Plaintiff's claim of medical "assault." Given that the very next sentence of the Report and Recommendations concerns *respondeat superior* liability of the hospitals for the medical "assault and battery" claims, and that the heading of this portion of the Report and Recommendations is "Medical Assault and Battery Claims," the Court presumes that Magistrate Judge Newman intended to recommend denying the motion to dismiss not only the claim of medical battery, but also the claim of medical assault. The two typically go hand-in-hand.

19

13-14, 2017. She does admit, however, examining him at follow-up visits in early 2018, and ordering a CT scan of his sinuses. Doc. #78, PageID##590-93.

The Court OVERRULES Dr. Horne's Objections to the Report and Recommendations, Doc. #91, with respect to the claim of medical assault and battery. Under Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are presented to and not excluded by the court, the court must convert the motion to dismiss into a motion for summary judgment and give the parties the opportunity to present all pertinent material. Given that Plaintiff is proceeding *pro se*, and that little or no discovery has been conducted at this point in the litigation, the Court finds that Magistrate Judge Newman did not err in refusing to consider Dr. Horne's affidavit at this juncture. The Court ADOPTS this portion of the Report and Recommendations.

The Motion of Defendants Stefanie K. Horne, M.D. and Adan Fuentes, D.O., to Dismiss Plaintiff's Complaint and/or for Summary Judgment, Doc. #78, is SUSTAINED IN PART and OVERRULED IN PART. All claims against Dr. Fuentes are DISMISSED WITH PREJUDICE. All claims against Dr. Horne, except the claims of medical assault and battery, are also DISMISSED WITH PREJUDICE. Dr. Horne's alternative Motion for Summary Judgment, is OVERRULED WITHOUT PREJUDICE to refiling by a date that shall be fixed by the Magistrate Judge.

## VII. Conclusion

For the reasons set forth above, the Court:

- ADOPTS IN PART AND REJECTS IN PART Magistrate Judge Newman's Report and Recommendations, Doc. #90;
- OVERRULES Defendants Stefanie Horne, M.D. and Adan Fuentes, D.O.'s Objections thereto, Doc. #91;
- SUSTAINS IN PART AND OVERRULES IN PART Defendants David Jenkins and Shawn Marien's Objections thereto, Doc. #92; and
- SUSTAINS IN PART AND OVERRULES IN PART Plaintiff's Objections thereto, Doc. #93.

Based on the foregoing, the Court:

- SUSTAINS IN PART AND OVERRULES IN PART the Partial Motion to Dismiss, Doc. #21, filed by Defendants Dayton Osteopathic Hospital d/b/a Grandview Hospital, Kettering Adventist Healthcare d/b/a Kettering Health Network, Grandview Foundation, Andrew Paul Brochu, Loredel E. Corneja, Nicole Van Horne, David Jenkins, Shawn Louis Marien, and Shannon Ravine (the "KHN Defendants");
- OVERRULES Defendant Nicholas Brienza's Motion to Dismiss, Doc. #24;
- SUSTAINS IN PART AND OVERRULES IN PART *pro se* Plaintiff's Motion to Dismiss Counterclaims, Doc. #28;
- SUSTAINS Defendant Janssen Pharmaceuticals, Inc.'s Motion for Judgment on the Pleadings, Doc. #70; and
- SUSTAINS IN PART AND OVERRULES IN PART the Motion of Defendants Stefanie K. Horne, M.D. and Adan Fuentes, D.O., to Dismiss Plaintiff's Complaint and/or for Summary Judgment, Doc. #78.

All claims against Grandview Foundation, Adan Fuentes, D.O., Janssen Pharmaceuticals, Inc., Richard Biehl and Andrew Brochu are DISMISSED WITH PREJUDICE.

The Magistrate Judge is requested to convene as close to an immediate scheduling conference as is possible.

21

Date: September 8, 2020

_____

WALTER H. RICE
UNITED STATES DISTRICT JUDGE