UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD LEE SIMPKINS, III,

    Plaintiff,                         Case No. 3:19-cv-227

vs.

GRANDVIEW HOSPITAL, *et al*.,        District Judge Walter H. Rice
                                            Magistrate Judge Michael J. Newman

    Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE TWO MOTIONS FOR JUDGMENT ON THE PLEADINGS FILED BY DEFENDANT MCINTOSH (DOCS. 80, 87) BE GRANTED; AND (2) MCINTOSH BE DISMISSED FROM THIS CASE**

---

This civil case is before the Court on Defendant Christopher McIntosh's two motions for judgment on the pleadings -- for failure to perfect service of process (docs. 80, 87).

**I.**

The relevant procedural history is as follows: McIntosh initially filed a motion to dismiss on lack-of-service-of-process grounds shortly after the January 28, 2020 deadline for perfecting service. Doc. 73 at PageID 554. In response, *pro se* Plaintiff, Richard Lee Simkins, III, requested an extension of time to perfect service. *Id*. at PageID 553. The Court granted Simkins an extension of time -- until June 4, 2020 -- to perfect service of process, and recommended that McIntosh's motion be denied as moot without prejudice to refiling. *Id*. at PageID 555-56. Thereafter, Judge Rice adopted the undersigned's Report and Recommendation. Doc. 77.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

**II.**

On June 5, 2020, McIntosh, having filed an answer to Simkins's complaint (without waving his failure-of-service defense), filed a motion for judgment on the pleadings based on Simkins's failure to perfect his service of process. Docs. 74, 80. In response, Simkins sent a summons to McIntosh's supposed employer, the Southview Medical Center ("SMC").[2] Doc. 82. Thereafter, McIntosh filed a second motion for judgment on the pleadings on the basis that service at SMC was improper. Doc. 87. Simkins did not file a memorandum in opposition to McIntosh's two motions, and the time for doing so has expired. The undersigned has carefully considered both motions, and they are now ripe for decision.

**III.**

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999). Absent either waiver or proper service of process, this Court does not have personal jurisdiction over a defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Specifically, "[u]nder Rule 4, service can be made by: delivering a copy of the summons and complaint to the individual personally; leaving a copy of each at the

---

[2] The undersigned takes judicial notice of the fact that SMC is located at 1997 Miamisburg-Centerville Road, Dayton, Ohio 45459. *See* Fed. R. Evid. 201 (stating that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; delivering a copy of each to an agent authorized by appointment or law to receive service of process; or according to Ohio law."[3] *Walker v. Joyce*, No. 3:15-CV-136, 2015 WL 13507444, at *1 (S.D. Ohio July 21, 2015), *report and recommendation adopted*, No. 3:15-CV-136, 2015 WL 13505587 (S.D. Ohio Aug. 18, 2015). Stated another way, the requirements of Rule 4 are not satisfied by delivery at an individual's place of work or business. *Id*. In addition, "[d]elivery on an employer does not constitute proper service on the employee who has been sued in his [or her] individual capacity." *Abel v. Harp*, 122 F. App'x 248, 251 (6th Cir. 2005) (citation omitted).

## IV.

Simkins attempted to serve McIntosh at SMC, presumably under the assumption that it is his place of employment. Doc. 82. As noted above, Rule 4 makes clear that such service is improper. *Abel*, 122 F. App'x at 251. Moreover, assuming, *arguendo,* that service at a place of employment is permitted -- which it is not*, see supra* -- McIntosh provides an affidavit in which he testifies that his employment at SMC ended in 2018. *See* doc. 87 at PageID 629-30. As a result, Simkins fails to meet his burden to show that McIntosh was timely served, despite being provided additional time in which to do so. Doc. 73 at PageID 555-56; Doc. 77 at PageID 579. Accordingly, McIntosh's dismissal is appropriate. *See Cap. City Dental Lab, LLC v. Ladd*, No. 2:15-CV-2407, 2015 WL 7179663, at *2-3 (S.D. Ohio Nov. 16, 2015).

---

[3] Under Ohio law, "in order to justify service on a defendant at a business address, the party being served must have such a habitual, continuous or highly continual and repeated physical presence at the business address that the party ordering the service of process would have reasonable grounds to calculate that the service would promptly reach the party being served." *Bell v. Midwestern Educ. Serv., Inc.*, 624 N.E.2d 196, 202 (Ohio Ct. App. 1993). Such is not the case here, given that McIntosh was no longer employed at CMC when Simkins attempted to serve him there.

## V.

For the foregoing reasons, the undersigned **RECOMMENDS** that: (1) Defendant McIntosh's two motions for judgment on the pleadings (docs. 80, 87) both be **GRANTED**; and (2) McIntosh be **DISMISSED** from this case.


Date:  October 27, 2020                                       s/Michael J. Newman
                                                                                     Michael J. Newman
                                                                                     United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).  Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system.  If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).