UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RICHARD SIMKINS, III, | : | Case No. 3:19-cv-227 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| CHRISTOPHER MCINTOSH, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

# REPORT AND RECOMMENDATIONS[1]

This matter is presently before the Court upon Renewed Motion of Defendant Joseph Blake, M.D., to Dismiss Plaintiff's First Amended Complaint for Failure to Perfect Service and Motion for Judgment on the Pleadings for Failure to State a Claim (Doc. #96), Plaintiff's Response (Doc. #102), and Defendant Blake's Reply (Doc. #103).

Defendant Blake contends that Plaintiff failed to state a plausible claim for relief. Further, he asserts that Plaintiff's failure to perfect service within the Court's deadline warrants dismissal of the action against him.

## I.     Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 "does not require 'detailed factual allegations'... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167

---
[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

L.Ed.2d 929 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

Motions for judgments on the pleadings under Federal Rule of Civil Procedure 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). To survive a motion for judgment on the pleadings, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

**II.  Background**

In 2017, Plaintiff Simkins was injured in a motorcycle accident. This case arises out of his interactions with law enforcement and numerous medical personnel following that accident.[2] He has asserted claims under 42 U.S.C. §§ 1983 and 1985. He also has asserted numerous state law claims.

Relevant to the motion presently before the Court, Plaintiff alleges that in January 2018 and February 2018, Defendant Blake visited Defendant Stephanie Horne at her office for follow-up CT scans. (Doc. #9, *PageID* #s 142-43). According to Plaintiff,

> The most concerning part of this interaction is the fact that Joseph Blake was engaged to view the Plaintiff's scans, as Horne had been specifically instructed not to engage the Kettering Adventist

---
[2] Plaintiff's allegations are summarized in detail in a previous Report and Recommendations (Doc. #90).

2

> Healthcare for any reason relating to the Plaintiff, and Kettering Adventist Healthcare was in receipt of a valid written no contact order, therefore Blake was in violation of such no contact order, Horne knowingly facilitated the violation of such no contact order, and as such Blake is guilty of knowingly violating such no contact order, and such action is a medical battery, and Horne is guilty of conspiracy on both accounts.

*Id.* at 144.

### III. Discussion

Defendant Blake asserts that Plaintiff failed to state a claim for medical battery against him.

Under Ohio law, to recover on a claim for battery, a plaintiff must prove an "intentional, unconsented-to touching." *Anderson v. St. Francis–St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84, 671 N.E.2d 225 (1996). "In a medical setting, when a physician treats a patient without his consent, the doctor has committed a battery." *Maglosky v. Kest*, 2005-Ohio-5133, ¶ 24 (citing *Est. of Leach v. Shapiro*, 13 Ohio App. 3d 393, 469 N.E.2d 1047 (1984)); *see Miller v. MetroHealth Med. Ctr.*, 2018-Ohio-1202, ¶¶ 13-15, 2018 WL 1568421 (Ohio Ct. App. 2018). "Examples of a battery in a medical setting include cases where a surgeon removes a portion of a patient's stomach without her consent, where a surgeon uses an anesthetic specifically prohibited by the plaintiff, and where a different surgeon than the one authorized by the plaintiff performs the procedure." *Schwaller v. Maguire*, 2003-Ohio-6917, ¶ 11 (citations omitted).

Plaintiff alleges that when he visited Defendant Horne in her office, he "submitt[ed] to a requested CT scan." (Doc. #9, *PageID* #142). In other words, he consented to the procedure. Plaintiff does not allege that Defendant Blake performed the procedure or interacted with him. Plaintiff does not allege that Defendant Blake treated him. Instead, Plaintiff alleges that

3

Defendant Blake violated a no-contact order by reading Plaintiff's CT scans.[3]  The violation of a no-contact order does not constitute a medical battery.  *See Miller*, 2018-Ohio-1202, ¶¶ 13-15, 2018 WL 1568421 (citations omitted) ("if a physician treats a patient without authorization or consent, the physician has committed a technical battery—even if the procedure is beneficial or harmless.").  Accordingly, Plaintiff failed to state a claim against Defendant Blake for medical battery.

Defendant also asserts that Plaintiff fails to allege any instance of conduct by him sufficient to state a § 1983 claim against him.[4]  It is not clear from the Amended Complaint if Plaintiff is attempting to bring a § 1983[5] claim against Defendant.  To the extent that he is, this claim fails.

"To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."  *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012) (citing *Waters v. City of Morristown, Tenn.*, 242 F.3d 353 (6th Cir. 2001)).  Generally, a plaintiff may not proceed under § 1983 against a private party.  *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).  However, when "a private party has conspired with state officials to violate constitutional right, then that party qualifies as a state actor and may be held liable pursuant to § 1983."  *Jackim v. Sam's East, Inc.*, 378 F. App'x 556, 563 (6th Cir. 2010) (citing *Cooper v. Parish*, 203 F.3d 937,

---

[3] It is not clear what no-contact order Plaintiff is referring to.  Plaintiff does not elaborate and does not include a copy of the no-contact order with the Amended Complaint.

[4] United States District Judge Michael J. Newman, when he was a United States Magistrate Judge, found that Plaintiff "fails to allege instances of individual conduct sufficient to state § 1983 claims against …. Defendant[] Blake …."  (Doc. #90, *PageID* #649).  He recommended that such claims should be dismissed.  *Id.*  United States District Judge Walter H. Rice rejected the recommendation "because Dr. Blake has not moved for dismissal of the claims brought against him[.]"  (Doc. #95, *PageID* #695, fn.6).

[5] Plaintiff does not cite a specific code provision under which he asserts a claim of conspiracy to deprive him of his constitutional rights.  Although 42 U.S.C. § 1985 allows a plaintiff to bring such a claim, for the reasons set forth in a previous Report and Recommendations (Doc. #90, *PageID* #647, fn. 8), Plaintiff failed to state such a claim.

952 n.2 (6th Cir. 2000)). Importantly, where conspiracy is alleged, "pleading requirements ... are relatively strict" and such "claims must be pled with some degree of specificity[.]" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). "[V]ague and conclusory allegations unsupported by material facts will not be sufficient to state ... a [civil conspiracy] claim under § 1983." *Id.*

Defendant Blake is not a traditional state official or employee; he is a medical professional. However, Plaintiff alleges claims of conspiracy. Plaintiff's allegations are vague; he alleges only that Defendant Horne engaged Defendant Blake to view Plaintiff's CT scans. (Doc. #9, *PageID* #144). Plaintiff does not allege that Defendant Blake acted at the direction of law enforcement officers. *See United States v. Booker*, 728 F.3d 535 (6th Cir. 2013); *Booker v. LaPaglia*, 617 F. App'x 520 (6th Cir. 2015). Nor does he allege that Defendant Blake acted in concert with any officers. *See Dallas v. Holmes*, 137 F. App'x 746, 751-52 (6th Cir. 2005). Indeed, Plaintiff does not allege that Defendant Blake had any contact with officers—only Defendant Horne. Construing the allegations of the Amended Complaint in the light most favorable to Plaintiff, accepting his allegations as true, and drawing all reasonable inferences in his favor, Plaintiff has not stated a plausible conspiracy claim sufficient to subject Dr. Blake to liability under § 1983.[6]

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Blake's Motion for Judgment on the Pleadings (Doc. #96) be GRANTED; and

2. All claims against Defendant Joseph Blake, M.D., be DISMISSED.

August 2, 2021                          *s/Peter B. Silvain, Jr.*
                                                                      Peter B. Silvain, Jr.
                                                                       United States Magistrate Judge

---

[6] In light of the above discussion, and the resulting recommendation to grant the Motion for Judgment on the Pleadings, an in-depth analysis of Defendant Blake's motion to dismiss for failure to perfect service is unwarranted.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).