IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD LEE SIMKINS, III,

        Plaintiff,

    vs.

CHRISTOPHER MCINTOSH, *et al.*,

        Defendants.

:
:
:     Case No. 3:19cr227
:
:     JUDGE WALTER H. RICE
:

---

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT AGAINST
DAYTON OSTEOPATHIC HOSPITAL AND KETTERING ADVENTIST
HEALTHCARE (DOC. #122), WITHOUT PREJUDICE TO RENEWAL
FOLLOWING THE END OF THE DISCOVERY PERIOD; MOTION OF
DEFENDANTS DAYTON OSTEOPATHIC HOSPITAL AND KETTERING
ADVENTIST HEALTHCARE TO DEFER CONSIDERATION OF
PLAINTIFF'S MOTION FOR SUMMARY OR PARTIAL SUMMARY
JUDGMENT, PURSUANT TO FED. R. CIV. P. 56(d), SUSTAINED

---

Pro Se Plaintiff has filed a Motion for Summary Judgment or Partial Summary Judgment

against Defendants Dayton Osteopathic Hospital and Kettering Adventist Healthcare (Doc.

#122). Said Defendants have filed a motion, pursuant to Fed. R. Civ. P. 56(d), to defer

consideration of Plaintiff's Motion for Summary Judgment or Partial Summary Judgment until

such time as documentary and testimonial discovery has been completed. The Defendants'

motion has yet to be ruled upon. The motion of the Defendants is supported by the affidavit of

their attorney, Timothy G. Pepper. For the reasons set forth below, Plaintiff's motion is

OVERRULED, and that of the Defendants is SUSTAINED.

While a motion for summary judgment or partial summary judgment may be filed at any time until 30 days after the close of the discovery period, certain practicalities often weigh against a court sustaining such a motion prior to the completion of discovery. It is axiomatic that, quite often, the posture of a case, from either or both the Plaintiff's or Defendants' perspective, changes as the result of the exchange of documentary discovery, discovery provided by way of depositions and/or by any other means of discovery authorized by the Federal Rules of Civil Procedure. Accordingly, quite often, the thrust or evidentiary posture upon which an earlier filed motion for summary judgment is based becomes moot or changes in part or entirely by the time the discovery period has ended. As of the time of the Defendants' Motion to Defer Consideration of Plaintiff's Motion, no testimony by way of depositions had been taken and other discovery was, although managed in excellent fashion by the Magistrate Judge, the subject of disputed positions.

Accordingly, the Plaintiff's Motion for Summary Judgment (Doc. #122) is OVERRULED, without prejudice to renewal within 30 days' time of the expiration of the period of discovery. The Defendants' motion to defer consideration until the conclusion of the discovery period is SUSTAINED.

September 29, 2022

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record