UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RICHARD SIMKINS, III, | : Case No. 3:19-cv-227 |
| Plaintiff, | : |
| vs. | : District Judge Walter H. Rice |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| CHRISTOPHER MCINTOSH, *et al.*, | : |
| Defendants. | : |

# ORDER

This matter is currently before the Court upon "Pro Se Plaintiff Simkins Objects to Initial Disclosures under Fed. R. Civ. P. 26" (Doc. #129), Defendant Stefanie Horne's Motion to Compel Discovery (Doc. #145), Plaintiff's Response (Doc. #153), Defendants Nicholas Brienza, Joseph Wiley, Craig Wolfe, Andrew Lane, and Joshua Spears' (Dayton Defendants) Motion to Compel Discovery (Doc. #151), and Plaintiff's Response (Doc. #155).

## I.   BACKGROUND

According to Defendant Horne, she served Plaintiff with her First Set of Interrogatories and Request for Production of Documents on March 17, 2022. (Doc. #145, *PageID* #964) (citing Doc. #132). Her requests included medical authorizations for Plaintiff that would allow his medical records to be released to Defendants. *Id*. Plaintiff served responses on April 13, 2022. *Id.* (citing Doc. #136). Defendant Horne asserts that these responses were incomplete and nonresponsive. *Id*. As a result, on April 21, 2022, Defendant Horne's counsel requested Plaintiff supplement his responses. *Id*. Plaintiff "produced photographs of his face and a photo of a 'Trauma Box,' which was a box of numerous unidentified documents." *Id*. According to

Defendant Horne, Plaintiff's responses were still incomplete and nonresponsive. *Id*. On June 3, 2022, her counsel requested Plaintiff supplement his discovery responses. *Id*.

Dayton Defendants assert that they served Plaintiff with their First Set of Interrogatories and Request for Production of Documents on March 25, 2022. (Doc. #151, *PageID* #994). On April 21, 2022, Plaintiff requested an additional twenty days to respond to the discovery requests and indicated that it would be helpful if they signed his proposed protective order. *Id.* According to Dayton Defendants, Plaintiff was "subsequently nonresponsive." *Id.* They requested Plaintiff respond to their discovery requests and, although he stated that he sent a response, Dayton Defendants have not received any documents. *Id.*

On June 16, 2022, Defendant Horne and Dayton Defendants filed a motion for an informal discovery conference. (Doc. #140). In their motion, they asserted that Plaintiff's responses to their requests for discovery were incomplete and nonresponsive. *Id.* The undersigned granted Defendants' motion and held an informal discovery teleconference on July 6, 2022. *See* June 17, 2022 Notation Order; July 6, 2022 Minute Entry. During the teleconference, the undersigned indicated that Defendants' proposed protective order would be docketed and advised the parties to be responsive to discovery. Following the teleconference, the undersigned entered the Protective Order (Doc. #143).

Defendant Horne asserts that on July 8, 2022, she requested that Plaintiff supplement his discovery responses and provide executed medical authorizations. (Doc. #145, *PageID* #965). According to Defendant Horne, "Plaintiff indicated he cannot release records to Defendant because he does not have them in his possession. Counsel clarified the request is for Plaintiff to sign authorizations so the records can be released directly to Defendant—not for Plaintiff to obtain the

2

records and then produce them to Defendant." *Id*. However, Plaintiff did not provide the signed authorizations to Defendant or further supplement his discovery responses. *Id.*

Dayton Defendants indicate that they emailed Plaintiff about their outstanding discovery responses on July 26, 2022. (Doc. #151, *PageID* #995). Plaintiff indicated that he would respond by August 9, 2022. *Id.* However, Plaintiff did not respond. *Id.* On August 15, 2022, Dayton Defendants contacted Plaintiff again. *Id.* Plaintiff responded that he would not respond to their discovery requests until the Court ruled on his motion for summary judgment and objections to initial disclosures.

On August 24, 2022, the undersigned held another teleconference regarding discovery. *See* Aug. 24, 2022 Minute Entry. At that time, both Defendant Horne and Dayton Defendants had filed their Motions to Compel. *See* Doc. #s 145, 151. However, Plaintiff indicated that he had not reviewed either Motion. Plaintiff asserted that Defendant Horne's counsel emailed a copy of her Motion, and he had a difficult time opening the PDF attachment. The undersigned instructed counsel for the parties to mail a copy of their Motions to Plaintiff and extended the time for Plaintiff to respond. The undersigned informed Plaintiff that he needed to sign the medical releases and that his medical and psychological records are relevant to this case because he claims damages based on physical and psychological harm. Further, there is now a protective order in effect to prevent disclosure of the documents. Plaintiff argued that he would prefer the Court rule on his Motion for Summary Judgment and objections to initial disclosures before he continues with discovery.[1]

In his Response to Defendant Horne's Motion, Plaintiff asserts that Defendant Horne's counsel misrepresented their communications. (Doc. #153). According to Plaintiff, Defendant

---

[1] On September 29, 2022, District Judge Walter H. Rice overruled Plaintiff's Motion for Summary Judgment without prejudice to renewal following the end of the discovery period. (Doc. #158).

3

Horne's counsel sent him several emails with attachments, but he has not been able to open the attachments. *Id.* Plaintiff indicated that he repeatedly requested hard copies from counsel. *Id.*

Additionally, in both his Responses, Plaintiff asserts that he filed "Objection to Initial Disclosures" (Doc. #129) and "feels as though it would not be proper or prudent to disclose any information that could possibly be included in such Initial Disclosures until such time as said [objection] has been adjudicated." *Id.*; (Doc. #155).

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

If a party fails to produce relevant discovery, Rule 37(a)(1) allows the other party to "move for an order compelling disclosure or discovery." Specifically, as relevant here, a party may file a motion to compel if a party fails to answer an interrogatory submitted under Rule 33 or a party fails to produce documents as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii-iv). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted).

## III.   DISCUSSION

### A.   *Plaintiff's Objections to Initial Disclosures*

Plaintiff's responses to Defendants' Motions to Compel rely primary on his objections to initial disclosures under Fed. R. Civ. P. 26. (Doc. #s 153, 155). Therefore, the undersigned will

4

consider his objections before addressing Defendants' Motions.

In "Pro Se Plaintiff Simkins Objects to Initial Disclosures under Fed. R. Civ. P. 26," Plaintiff asserts that he verbally stated objections to initial disclosures in the March 3, 2022 scheduling conference with the undersigned and included his objections in his 26(f) report. (Doc. #129, *PageID* #852).[2] He requests that the Court review his objections under Fed. R. Civ. P. 26(a)(1)(E) and "any other appropriate Rule …." *Id*. Plaintiff's objects to the disclosure of his medical records—specifically, medical records that he has not reviewed. *Id.* at 854-55. He notes that "the privileged documents that have been created by [Dayton Osteopathic Hospital (DOH)] and Kettering Adventist Healthcare (KAH) were never authorized by the Plaintiff to be created in the first place …." *Id.* at 853. He requests "a Protective Order be in place before more of the records are disclosed." *Id*. Additionally, he requests that the Court either order Defendants to participate in a meeting with Plaintiff to review Plaintiff's medical records or conduct an *in camera* review of the records. *Id.* at 854, 856. Furthermore, Plaintiff requests the Court provide him with written instructions on initial disclosures; the timeline for filing a motion for leave to submit a sealed document; the "manner and timeline in which any subsequent medical records are to be requested and disclosed …"; and "any other information or instructions to the parties that it should deem appropriate at this time …." *Id.* at 856.

Plaintiff's objections to initial disclosures under Fed. R. Civ. P. 26 are OVERRULED. He has provided no valid basis for objecting to the disclosure of his medical records. Moreover, Plaintiff's medical records are relevant to the case because his claims arise out of his interactions

---

[2] For example, in his 26(f) Report, Plaintiff indicated that "parties disagree and request the court to decide what, if any, privileged information can be requested or be disclosed …." (Doc. #125, *PageID* #810). Further, "Defendants request a stipulation that Plaintiff produce unspecified medical records in a timely fashion , Plaintiff requests limitation on privileged information. Parties disagree on terms of disclosure for privileged information and request the court to make a determination." *Id.* at 811.

with law enforcement and numerous medical personnel. (Doc. #9). Indeed, Plaintiff alleges extensive injuries:

> Plaintiff suffers from several severe and debilitating conditions specifically induced by Defendants with specific intent to cause the harm of PTSD, agitation, emotional distress, abdominal pain, erectile dysfunction, confusion, memory loss, joint pain, muscle cramps, facial ticks, changed mental state, loss of companionship, severe headache, facial pain, … sensitivity to light and high pitched noise, loud noise, general stress disorder, loss of affect, among a host of other ailments that are subsiding, along with an increased possibility of future conditions including but not limited to renal failure, deep vein thrombosis, dementia, heart failure, agitation, headaches, hepatic failure, … other organ failures or ailments and brain disorders.

(Doc. #9, *PageID* #123). Given his allegations of mental and physical harm, Plaintiff's medical and psychological records are relevant to this case.

Further, the undersigned entered a Protective Order on July 6, 2022. (Doc. #143). That Order will protect against the unnecessary disclosure of confidential information by the parties. Therefore, Plaintiff's request for an order requiring Defendants to work with Plaintiff in reviewing his medical records or for an *in camera* review of the medical records is DENIED.

To the extent that Plaintiff requests instructions on initial disclosures, filing motions, or other assistance from the Court, Plaintiff's request is DENIED. Further, Plaintiff is advised that although he is proceeding *pro se*, he is obligated to fully comply with the applicable rules of civil procedure and with Orders of this Court. *See Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants.").

Accordingly, Plaintiff's objections to initial disclosures are OVERRULED. Plaintiff shall make initial disclosures within fourteen (14) days of this Order.

    B.    *Defendants' Motions to Compel*

In her Motion, Defendant Horne requests an order from the Court compelling Plaintiff to produce signed authorizations releasing Plaintiff's medical and/or psychiatric records and to supplement responses to her discovery requests. (Doc. #145). Similarly, Dayton Defendants request an order instructing Plaintiff to provide complete responses to their discovery requests. (Doc. #151).

Defendant Horne and Dayton Defendants did not attach any of their discovery requests to their Motions to Compel. They likewise do not include copies of any responses they received from Plaintiff. And, although Defendant Horne and Dayton Defendants both reference emails with Plaintiff, they did not include copies of those emails with their Motions. *See* Doc. #145, *PageID* #965; Doc. #151, *PageID* #994. As a result, the undersigned cannot evaluate the adequacy or inadequacy of Defendants' discovery requests or Plaintiff's responses. *See Peterson v. Kramer*, No. 3:13-CV-187, 2015 WL 1954615, at *3 (S.D. Ohio Apr. 29, 2015) ("The record is simply too inadequate to make a meaningful ruling on the motion."). Accordingly, Defendant Stefanie Horne's Motion to Compel Discovery (Doc. #145) and Dayton Defendants' Motion to Compel Discovery (Doc. #151) are DENIED without prejudice to renewal.

However, there is one additional issue to address. Plaintiff asserted in his Response to Defendant Horne's Motion (Doc. #153) that he has had difficulty viewing documents from Defendant Horne's counsel because they were emailed to him as attachments.[3] Plaintiff indicated that he has requested that all documents be sent to his mailing address. Given Plaintiff's difficulties opening attachments to emails, Defendants shall serve all discovery requests and

---

[3] At the August 24, 2022 discovery teleconference, Plaintiff also mentioned his difficulty opening attachments to emails.

7

documents filed with the Court upon Plaintiff via regular mail. Plaintiff shall respond to all discovery requests within thirty (30) days.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's objections to initial disclosures (Doc. #129) are OVERRULED;

2. Plaintiff shall make initial disclosures within fourteen (14) days of this Order;

3. Defendant Stefanie Horne's Motion to Compel Discovery (Doc. #145) is DENIED without prejudice to renewal;

4. Dayton Defendants' Motion to Compel Discovery (Doc. #151) is DENIED without prejudice to renewal;

5. Defendants shall serve all discovery requests and documents filed with the Court upon Plaintiff via regular mail; and

6. Plaintiff shall respond to all discovery requests by Defendants within thirty (30) days.

January 12, 2023

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge