IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD SIMKINS, III,

        Plaintiff,

    v.

CHRISTOPHER MCINTOSH, *et al.*,

        Defendants.

:

:

:

:

Case No. 3:19-cv-227

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #181), AND
OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. ##182,
183); OVERRULING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (DOC. #161)

---

On February 27, 2023, Plaintiff, Richard Simkins III, proceeding *pro se*, filed

a Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56 ("Motion for

Summary Judgment") on his claims for Assault, Battery, and Intentional Infliction

of Emotional Distress against Defendants Dayton Osteopathic Hospital d/b/a

Grandview Hospital ("Dayton Osteopathic Hospital"), Kettering Adventist

Healthcare d/b/a Kettering Health Network ("Kettering Health Network"), Nicholas

Brienza, Joshua Spears, Shawn Marein[1], Nicole Van Horne, Shannon Ravine, and

---

[1] Defendant Marein was incorrectly designated as "Shawn Marien" in the Motion for
Summary Judgment, so the Court will refer to him by his properly spelled name. *See* Doc.
#176, PageID#1441.

David Jenkins.[2]  Doc. #161.  United States Magistrate Judge Peter B. Silvain, Jr.,

on July 24, 2023, issued a Report and Recommendations, recommending that the

Court deny said motion.  Doc. #181.

   This matter is before the Court on Plaintiff's Objections to that Report and

Recommendations, Doc. ##182, 183; and Defendants' Responses in Opposition to

said Objections, Doc. ##184, 185.  The Court must determine *de novo* any part of

Magistrate Judge Silvain's Report and Recommendations that has been properly

objected to.  Fed. R. Civ. P. 72(b)(3).  Based on the reasoning and citations of

authority set forth by Magistrate Judge Silvain in his Report and

Recommendations, Doc. #181, as well as upon a thorough *de novo* review of this

Court's file and the applicable law, the Court ADOPTS said judicial filing in its

entirety, and OVERRULES Plaintiff's Objections thereto, Doc. ##182, 183.

   The relevant facts are set forth in the Report and Recommendations and will

not be repeated here.  Plaintiff's claims against various law enforcement officers

---

[2] As a *pro se* litigant, Plaintiff's filings and pleadings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  Nevertheless, *pro se* plaintiffs must still satisfy basic pleading requirements.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court previously recognized that Plaintiff's complaint may be construed to assert civil rights and conspiracy claims under 42 U.S.C. §§ 1983 and 1985, and state-law claims of medical and non-medical assault and battery, rape, intentional infliction of emotional distress, and product liability.  Doc. #95, PageID##682–83.  This provides the Court with federal question jurisdiction over the §§ 1983 and 1985 claims, therefore permitting the Court to exercise supplemental jurisdiction over Plaintiff's state-law tort claims because they arise out of the same common nucleus of operative facts.  *See* 28 U.S.C. § 1367(a).

and health care professionals stem from a motorcycle accident and the medical treatment he received following that accident.

Magistrate Judge Silvain recognized that Plaintiff failed to meet his burden at the summary judgment stage because genuine disputes of material fact existed as to his claims. *See generally* Doc. #181. The Court agrees and adds clarity to Plaintiff's burden as the movant on summary judgment. Plaintiff's principal error here is that, as the moving party bearing the burden of persuasion at trial, he must "support [his] motion with credible evidence that would entitle [him] to a directed verdict if not controverted at trial." *Timmer v. Mich. Dep't of Com.*, 104 F.3d 833, 843 (6th Cir. 1997). "The moving party has the 'burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial.'" *Harris v. Sodders*, No. 3:04-cv-057, 2006 WL 8438051, at *1 (S.D. Ohio Mar. 31, 2006) (Rice, J.) (quoting *Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991)). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (emphasis deleted). Indeed, "if the moving party also bears the burden of persuasion at trial, . . . [he or she] must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so

powerful that no reasonable jury would be free to disbelieve it." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (internal quotation marks and citation deleted).

Throughout his motion for summary judgment, Plaintiff misconstrues both his and Defendants' legal arguments -- in the present motion or previous motions to dismiss filed in the present case -- as uncontroverted statements of fact, which entitle him to summary judgment. *See* Doc. #161, PageID#1037 (citing Defendants' arguments in their motion to dismiss). He frequently characterizes Defendants' admissions in their Answer or their objections to his Requests for Admissions as also establishing uncontroverted facts proving his tort claims. *See id.*, PageID##1043. Nevertheless, even Defendants' general averments in their Answer are insufficient to satisfy Plaintiff's burden because Defendants only admitted that Plaintiff was treated for injuries at the hospital on the night in question, which is far from establishing that no reasonable trier of fact could find for Defendants. Doc. #20, PageID##195–97. Thus, Plaintiff does not meet his initial burden as the movant on summary judgment.

Plaintiff did, however, submit an affidavit to support his claims, yet his affidavit only states legal conclusions about what Plaintiff believes that the evidence shows. *See* Doc. #161-7, PageID#1087–88. As such, it does not establish that he is entitled to judgment as a matter of law because "[i]t is well[-]settled that Courts should disregard conclusions of law . . . found in affidavits submitted for summary judgment." *Cincinnati Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 377 F. Supp. 3d 859, 864 (S.D. Ohio 2019) (Black, J.)

4

(internal quotation marks omitted) (quoting *Harrah's Ent., Inc. v. Ace Am. Ins. Co.*, 100 F. App'x 387, 394 (6th Cir. 2004)); *cf. Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990) ("The object of [Federal Rule of Civil Procedure 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986))).

Although Plaintiff's affidavit articulates the testimony that he would give at trial to support his recollection, this does not entitle him to summary judgment because Defendants filed contrasting affidavits. Doc. ##176-1, 176-2, 176-3. "Weighing of the evidence or making credibility determinations are prohibited at summary judgment -- rather, all facts must be viewed in the light most favorable to the non-moving party." *Keweenaw Bay Indian Cmty. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (citing *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). Said affidavits counter Plaintiff's narrative through statements from individuals at the hospital on the night in question, claiming that Plaintiff's recollection is inaccurate. *See* Doc. #176-1, PageID##1459–61. A jury thereby could find Plaintiff's testimony credible or incredible about what transpired at the hospital. *See Cutlip v. Norfolk S. Ry. Co.*, No. 3:17 CV 961, 2017 WL 8676443, at *1 (N.D. Ohio Dec. 18, 2017) (denying the plaintiff's summary judgment motion because the defendant contested the plaintiff's characterization of the underlying events, there were no outside witnesses, and the plaintiff's motion rested on his credibility alone). Thus, he is not entitled to summary judgment based solely upon

his affidavit, legal conclusions, and reference to the pleadings because, casting all reasonable inferences in Defendants' favor, a reasonable finder of fact could find for Defendants. *See, e.g.*, *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897, 941 (W.D. Tenn. 2011) (denying summary judgment where "[t]he evidence about [Defendant's] breach of contract counterclaim [wa]s susceptible of different interpretations or inferences by the trier of fact").

Plaintiff's Objections are meritless, and, although lengthy, generally object to Magistrate Judge Silvain's Report and Recommendations for not crediting his recitation of the facts and granting him summary judgment based on said recitation. *See* Doc. #182, PageID##1511–20. However, the Court must view the record evidence, and cast all reasonable inferences therefrom, in favor of the *non-moving party* on summary judgment. *See Matsushita Elec Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). As Magistrate Judge Silvain correctly realized, evidence in the record precluded summary judgment in Plaintiff's favor because it contradicted his recollection of the events in question, *see* Doc. ##176-1, 176-2, 176-3, thus the Court declines to depart from this well-reasoned conclusion.[3] Accordingly, Plaintiff's Objections are overruled.

Construing his *pro se* filings in his favor, it appears that Plaintiff objects to Magistrate Judge Silvain's reliance on other evidence in the record -- namely, the

---

[3] Although a question of credibility may not negate summary judgment where the issue is immaterial, the affidavits in question refute Plaintiff's theories for his claims -- including his lack of consent to medical treatment. *See* Doc. #176-1, PageID##1459–61.

affidavits from Defendants. Doc. #182, PageID#1515. This Objection, however, is insufficient because it merely argues that the declarations are incredible and not to be believed, further emphasizing the aforementioned credibility dispute that cannot be resolved on summary judgment. *Id.*; *see Keweenaw*, 477 F.3d at 886. Thus, Plaintiff's Objection is overruled.

Finally, Plaintiff suggests that Defendants are required to combat his allegations with evidence to the contrary to negate summary judgment. *See* Doc. #182, PageID#1519 (characterizing Defendant Ravine's silence as supporting Plaintiff's request for summary judgment). His suggestion, however, is incorrect for two reasons. First, he misunderstands his burden as the movant who "must support [his] motion with credible evidence that would entitle [him] to a directed verdict if not controverted at trial." *Timmer*, 104 F.3d at 843. Defendants, as non-moving parties, are not required to respond if, as here, Plaintiff cannot meet his initial burden. *See id.* Second, assuming *arguendo* that Plaintiff has met his initial burden, Defendants' contrary affidavits sufficiently combatted his allegations to preclude summary judgment, as Magistrate Judge Silvain properly found. *See* Doc. #181, PageID##1499–1508. This Objection, therefore, is overruled.

For the foregoing reasons, the Court ADOPTS in its entirety the Report and Recommendations of the United States Magistrate Judge, Doc. #181, and OVERRULES Plaintiff's Objections to said judicial filings, Doc. ##182, 183. Plaintiff's Motion for Summary Judgment is hereby OVERRULED. Doc. #161.

7

Plaintiff's § 1983 claims against Defendants Dayton Osteopathic Hospital, Nicholas Brienza, Joshua Spears, Shawn Marein, Andrew Lane, Brian Lewis, Joseph Wiley, Craig Wolfe, and David Jenkins remain pending. *See* Doc. #95.

Plaintiff's § 1985 claim against Defendant Nicholas Brienza remains pending. *Id.*, PageID##693–94.

Plaintiff's Intentional Infliction of Emotional Distress claims against Defendants Dayton Osteopathic Hospital, Kettering Health Network, Nicholas Brienza, Joshua Spears, Nicole Van Horne, Shannon Ravine, and Shawn Marein remain pending. *Id.*, PageID##691–92.

Plaintiff's Medical Assault and Battery claims against all remaining Defendants, who have not been dismissed from this case, remain pending. *See id.*, PageID#700.

Defendants Kettering Health Network and Grandview Hospital's Defamation counterclaims remain pending. Doc. #20.

Date: September 26, 2023

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

8