IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD SIMKINS, III,

    Plaintiff,

v.

CHRISTOPHER MCINTOSH, et al.,

    Defendants.

Case No. 3:19-cv-227

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT BRIAN LEWIS'S MOTION FOR SUMMARY JUDGMENT (DOC. #164); FINAL JUDGMENT WILL ULTIMATELY ENTER IN FAVOR OF DEFENDANT BRIAN LEWIS AND AGAINST PLAINTIFF AS EXPRESSED HEREIN; AND CONFIRMING THAT THIS MATTER REMAINS REFERRED TO THE UNITED STATES MAGISTRATE JUDGE TO RESOLVE ANY AND ALL DISCOVERY-RELATED MATTERS

---

On March 1, 2023, Defendant Deputy Brian Lewis, of the Montgomery County Sheriff's Office ("Lewis"), filed a Motion for Summary Judgment. Doc. #164. *Pro se* Plaintiff Richard Simkins, III ("Plaintiff"), filed a Response in Opposition, responding to Lewis's Motion for Summary Judgment and another motion unrelated to the present Decision and Entry.[1] Doc. #168. Lewis submitted

---

[1] As a *pro se* litigant, Plaintiff's filings and pleadings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court previously recognized that Plaintiff's complaint may be construed to assert civil

a Reply. Doc. #175-2. For the reasons that follow, the Court sustains Lewis's motion.

I.   **Relevant Facts and Procedural History**

The Court repeats only the underlying facts and procedural history necessary to resolve this motion. Pursuant to his First Amended Complaint and subsequent filings, Plaintiff generally alleges that -- on September 13, 2017 -- he was the victim of tortious and unconstitutional conduct by various law enforcement officers and hospital personnel, arising out of a possible motorcycle accident in Dayton, Ohio at the Ridge Avenue Bridge. Doc. #9, PageID##125-26; see Doc. #181, PageID##1489-95. The conduct occurred over the evening at the location of the accident, and it continued at the hospital to which he was transported. See Doc. #9, PageID##125-26. As relevant here, he alleged that the officer who responded to the initial report of the motorcycle crash assaulted and threatened him. Id., PageID#126. He alleges that the responding officer was "[a]n individual claiming to be Brian Lewis[,]" "was dressed as a Dayton Police Officer and arrived on scene in a Dayton Police patrol unit," and struck Plaintiff. Id., PageID#125.

However, subsequent filings reveal that it remains unclear who, exactly, Plaintiff alleges performed this assault. Plaintiff does not directly state that Lewis

---

rights and conspiracy claims under 42 U.S.C. §§ 1983 and 1985, and state-law claims of medical and non-medical assault and battery, rape, intentional infliction of emotional distress, and product liability. Doc. #95, PageID##682-83. This provides the Court with federal question jurisdiction over the §§ 1983 and 1985 claims, therefore permitting the Court to exercise supplemental jurisdiction over Plaintiff's state-law tort claims, because they arise out of the same common nucleus of operative facts. See 28 U.S.C. § 1367(a).

2

struck him at the beginning of his Complaint -- instead, initially identifying this person as an "individual claiming to be Brian Lewis[,]" *id.* -- yet he opts to refer to this unknown individual who struck him as "Lewis" throughout said Complaint. *See generally* Doc. #9. In his subsequent affidavit, filed on February 27, 2023, Plaintiff claimed that it was Defendant Nicholas Brienza, of the Dayton Police Department, who assaulted him and responded to the motorcycle accident on the evening of September 13, 2017. Doc. #161-7. But Defendant thereafter notes in his Response in Opposition to Summary Judgment -- consisting only of unsworn statements -- that "there is clear and convincing evidence of Lewis's involvement[,]" and he claims that it is Lewis's burden to show, at trial, that he was not present on the night of September 13, 2017.[2] Doc. #168, PageID#1369.

Lewis, in an affidavit accompanying his Reply Memorandum, swore that he has served as a Montgomery County Sheriff's Deputy since 2005. Doc. #175-1, PageID#1439. He further swears that he has been assigned to the RANGE Task

---

[2] In an email to Lewis's attorney on February 22, 2023, Plaintiff stated that he was "certain that [Lewis's] name and name tag w[ere] used by Defendant Brienza in [an] effort to deflect responsibility for his actions." Doc. #175-2, PageID#1440. He then concludes that he "cannot in good consci[ence] continue to attempt to prosecute Mr. Lewis." *Id.* Nevertheless, this email is unnecessary for the purposes of deciding this present motion, and, pursuant to Plaintiff's disclaimer that it is a "confidential settlement negotiation[,]" may be barred from admission under Federal Rule of Evidence 408. *See, e.g.*, *Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 798 (6th Cir. 2007) (outlining permissible uses of such evidence). *But see, e.g.*, *Steinberg v. Obstetrics-Gynecological & Infertility Grp.*, 260 F. Supp. 2d 492, 498 (D. Conn. 2003) (admitting letter between counsel where it "was not made in the course of settlement negotiations" and "[a]t no time did the communications between the parties reflect their willingness to settle the dispute before the commencement of legal action"). Thus, the Court shall not rely upon it in granting Lewis's motion.

3

Force with the Montgomery County Sheriff's Office since December of 2021. *Id.* Previously, he was assigned to the Montgomery County Regional Dispatch Center ("RDC"), and held this position from January 2013 to December 2021. *Id.* This role required him to "supervis[e] civilian police and fire dispatchers, maintain[] the RDC's records, and provid[e] court testimony authenticating the dispatch records maintained by the RDC." *Id.* This meant, according to him, that his "only duties outside of the RDC involved traveling to Montgomery County courts and providing keeper of records testimony about RDC records." *Id.*

Thus, Lewis swears that he "had no contact with the Plaintiff . . . on September 13 [or] 14, 2017, nor ha[s he] had any contact with [Plaintiff] on any other date." *Id.* The only contact Lewis swears that he has had with Plaintiff is "through the pleadings filed in the docket of this case." *Id.*

Plaintiff, in a filing[3] called a "Closing Statement," stated that Lewis "fail[ed] to provide requested documentation to positively identify who he is to allow the Plaintiff to ascertain if he struck the Plaintiff or participated in the rape of the Plaintiff[.]" Doc. #177, PageID#1476. Attached to said filing is an email from Lewis's attorney, responding to Plaintiff's public records request and stating that Lewis has "been attached to the RANGE task force since 2021." Doc. #177-1, PageID#1478. Plaintiff then claims that Lewis should be required to appear at

---

[3] This filing is also unsworn. *See generally* Doc. #177.

4

trial, because "it is not a material fact that he was not present, nor is it a material fact that he did not assault or rape the Plaintiff." Doc. #177, PageID#1476.

The present Preliminary Pretrial Conference Order was vacated, on June 20, 2023, pursuant to this Court's Notation Order, after Defendants jointly filed a Motion to Vacate the Preliminary Pretrial Conference Order. Doc. #180. Plaintiff did not file a response or oppose this Motion. As outlined in Defendants' Motion to Vacate and the Court's Notation Order, it was necessary to vacate the pending deadlines to resolve the present motion and other motions, which may be dispositive in this case. *See id.*, PageID#1485.

## II. Summary Judgment Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991). "Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 811 (6th Cir. 1999); *see also*

5

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Mich. Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. "Credibility determinations, the weighing of the evidence, and the drawing of

legitimate inferences from the facts are jury functions, not those of a judge, whether he [or she] is ruling on a motion for summary judgment or for a directed verdict." *Id.*; *see also CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008) (quoting *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007)) ("The district court errs by granting summary judgment for the defendant where issues of credibility are determinative of the case.").

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, the Court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

### III. Analysis

Plaintiff has failed to carry his burden, as the non-movant on summary judgment, to identify in the record any evidentiary support for his unsubstantiated allegation that Lewis assaulted him or was even present during the events of September 13, 2017. *See Matsushita*, 475 U.S. at 586. Lewis's motion is premised on "the absence of evidence to support the nonmoving party's case[,]" *i.e.*, Plaintiff's failure to show a genuine dispute as to Lewis's presence. *Celotex*, 477 U.S. at 325. A lack of a genuine dispute as to Lewis's presence or

7

involvement in the underlying allegations would mean summary judgment is proper, because Plaintiff would be unable to show that Lewis was at all culpable. *See, e.g., Ruff v. Tarrant Cnty. Just. Ctr.*, No. 4:08-CV-255, 2010 WL 2730566, at *3 (N.D. Tex. July 9, 2010) (granting summary judgment where the *pro se* plaintiff did not contest the evidence showing that the defendant "was not present on the date of the complained of events, and could not have been responsible for the alleged conduct"). Because Lewis produced an affidavit[4] contradicting Plaintiff's allegations in his <u>unverified</u> First Amended Complaint, Plaintiff was then required to present some evidentiary material supporting his position. *Celotex*, 477 U.S. at 324. He has not; thus, summary judgment is appropriate on this claim.[5] *See, e.g.,*

---

[4] This affidavit was properly submitted with Lewis's Reply. Under Federal Rule of Civil Procedure 6(c)(2), "any affidavit supporting a motion must be served with the motion." Thus, "reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief." *Peters v. Lincoln Electric Co.*, 285 F.3d 456, 476 (6th Cir. 2002). In Lewis's Reply, he contradicts Plaintiff's assertion in the Response in Opposition that there is outstanding evidence of Lewis's presence during the evening of September 13, 2017. Doc. #175, PageID#1437. Therefore, it properly falls within the scope of Rule 6(c)(2). Moreover, Lewis's affidavit merely reiterated the argument that he made in his Motion for Summary Judgment -- that he was not there that night. *See* Doc. #164. "[T]he rule 'is designed to prevent the moving party from springing new facts on the nonmoving party "when it is too late for that party to contest them."'" *Matthews v. Wells Fargo Bank*, 536 F. App'x 577, 579 (6th Cir. 2013) (quoting *Peters*, 285 F.3d at 476) (affirming district court's consideration of an affidavit attached to a reply brief where the document and its subject matter were known to the plaintiff prior to filing). Said purpose is not implicated here, where Lewis's motion alerted Plaintiff to Lewis's argument that he was not present the night of September 13, 2017. *See id.; Tohme v. Sebaaly*, No. 07-10989, 2008 WL 878770, at *4 (E.D. Mich. Mar. 28, 2008) (denying motion to strike an affidavit where the plaintiff neither alleged nor showed "surprise or prejudice arising from the untimely [affidavit]").

[5] This conclusion is further bolstered by evidence in the record; to wit, an affidavit from Lieutenant Eric Sheldon with the Dayton Police Department, which is summarized as follows. Doc. #171-1. On March 8, 2018, Plaintiff filed a complaint with the Dayton

8

*Rush v. Newcomb*, No. 19-2013, 2020 WL 5270438, at *3 (6th Cir. July 8, 2020) (affirming grant of summary judgment for defendants where the *pro se* plaintiff "did not present evidence that would establish a genuine dispute" on an essential element of his claim); *Ruff*, 2010 WL 2730566, at *3.

Plaintiff's response is to claim that it is Lewis who has not met his burden. Indeed, Plaintiff alleges that "there is clear and convincing evidence of [Lewis's] involvement; whether or not he personally assaulted the Plaintiff is a fact that appears to be in dispute . . . ." Doc. #168, PageID#1369. Thus, Plaintiff contends this should be left to the finder of fact to determine, *id.*, and further reiterates this point in his "Closing Statement," citing to an email from Lewis's attorney. Doc. #177.

Nevertheless, Plaintiff misunderstands his burden. He must present some evidence to support his position, and he has not, because the only material he cites -- the email stating that Lewis was on the RANGE Task Force -- does not

---

Police Department, alleging that Lewis tortured him in Grandview Hospital on the night in question. *Id.*, PageID#1412. After Lieutenant Sheldon informed Plaintiff that Lewis works for the Montgomery County Sheriff's Office, Plaintiff then stated that it was not Lewis, but the other officer who arrived at the scene with Defendant Officer Mathew Carpenter who abused him. *Id.*, PageID##1412–13. Lieutenant Sheldon told Plaintiff that the officer with Officer Carpenter that night was Officer Andrew Lane; Plaintiff, upon learning this, crossed out Lewis's name, wrote "Andrew Lane" as a replacement, and returned the form. *Id.*, PageID#1413; *see* Doc. #171-2. This adds another undisputed fact favoring summary judgment, because it further undermines Plaintiff's unsworn allegations that Lewis was present or involved on the night of September 13, 2017. *See, e.g., Campbell v. Cox*, No. 3:15-cv-00194, 2017 WL 2232154, at *8 (D. Nev. May 22, 2017) (recommending summary judgment for the defendant where she submitted an affidavit and records demonstrating that she was not present on the night in which the plaintiff allegedly suffered harm), *report & recommendation adopted*, 2017 WL 3037788, at *1 (D. Nev. July 18, 2017).

9

contradict Lewis's affidavit, in which he also swears that he was appointed to the RANGE Task Force in 2021. Doc. #177-1; *see* Doc. #175-1; *Celotex*, 477 U.S. at 324. Likewise, the Court is "not obligated wade through and search the entire record for some specific facts that might support [Plaintiff's] claim." *InterRoyal Corp.*, 889 F.2d at 111. It shall not do so here, solely to salvage Plaintiff's failure to meet his burden on summary judgment.

Without Plaintiff identifying any support in the record to establish Lewis's presence during the events in question, the Court sustains Lewis's Motion for Summary Judgment.

### IV. Conclusion

For the foregoing reasons, the Court sustains Defendant Brian Lewis's Motion for Summary Judgment, and dismisses all remaining claims against him. Final Judgment will ultimately enter in favor of Defendant Brian Lewis, and against *pro se* Plaintiff, Richard Simkins, III.

Plaintiff's § 1983 claims against Defendants Dayton Osteopathic Hospital, Nicholas Brienza, Joshua Spears, Shawn Marein, Andrew Lane, Joseph Wiley, Craig Wolfe, and David Jenkins remain pending. *See* Doc. #95.

Plaintiff's § 1985 claim against Defendant Nicholas Brienza remains pending. *Id.*, PageID##693-94.

Plaintiff's Intentional Infliction of Emotional Distress claims against Defendants Dayton Osteopathic Hospital, Kettering Health Network, Nicholas

Brienza, Joshua Spears, Nicole Van Horne, Shannon Ravine, and Shawn Marein remain pending. *Id.*, PageID##691-92.

Plaintiff's Medical Assault and Battery claims against all remaining Defendants, who have not been dismissed from this case, remain pending. *See id.*, PageID#700.

Defendants Kettering Health Network and Grandview Hospital's Defamation counterclaims remain pending. Doc. #20.

Pursuant to 28 U.S.C. § 636(b), this case remains referred to, and on the docket of, United States Magistrate Judge Peter B. Silvain, Jr. This case shall remain referred until discovery is complete, and Magistrate Judge Silvain is still authorized to perform any and all matters related to discovery.

Date: October 26, 2023

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

11