UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RICHARD SIMKINS, III, | Case No. 3:19-cv-227 |
| Plaintiff, | |
| vs. | District Judge Walter H. Rice |
| | Magistrate Judge Peter B. Silvain, Jr. |
| CHRISTOPHER MCINTOSH, *et al.*, | |
| Defendants. | |

# ORDER AND
# REPORT AND RECOMMENDATION[1]

This matter is before the Court upon Defendant Stefanie Horne's Motion to Dismiss (Doc. #163); Plaintiff Richard Simkins, III's Response in Opposition (Doc. #168); and Defendant Horne's Reply (Doc. #170).

**I.   Background**

Plaintiff filed this case on August 1, 2019.  (Doc. #1).  However, Defendant Horne notes that he originally filed these claims on September 14, 2018, in a previous case that was voluntarily dismissed on October 30, 2019.  (Doc. #163, *PageID* #1095); *see Simkins v. Grandview Hospital*, case no. 3:18cv309, Doc. #s 1, 158, 162 (S.D. Ohio).

According to Defendant Horne, she served Plaintiff with her First Set of Interrogatories and Request for Production of Documents on March 17, 2022.  (Doc. #163, *PageID* #1095).  Her requests included medical authorizations for Plaintiff that would allow his medical records to be released to Defendant.  *Id*.  Plaintiff served responses on April 13, 2022.  *Id*.  Defendant Horne

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

asserts that these responses were incomplete and nonresponsive. *Id*. Further, Plaintiff did not provide signed medical authorizations. *Id.* As a result, on April 21, 2022, Defendant Horne's counsel requested Plaintiff supplement his responses. *Id*. Plaintiff "produced photographs of his face and a photo of a 'Trauma Box,' which was a box of numerous unidentified documents." *Id.* According to Defendant Horne, Plaintiff's responses were still incomplete and nonresponsive. *Id*. On June 3, 2022, her counsel requested Plaintiff supplement his discovery responses. *Id*. at 1096. Defendant Horne asserts that Plaintiff did not provide the requested information in the timeframe requested. *Id.*

On June 16, 2022, Defendant Horne and Dayton Defendants filed a motion for an informal discovery conference. (Doc. #140). In their motion, they asserted that Plaintiff's responses to their requests for discovery were incomplete and nonresponsive. *Id.* The undersigned granted Defendants' motion and held an informal discovery teleconference on July 6, 2022. *See* June 17, 2022 Notation Order; July 6, 2022 Minute Entry. During the teleconference, the undersigned indicated that Defendants' proposed protective order would be docketed and advised the parties to be responsive to discovery. Following the teleconference, the undersigned entered the Protective Order (Doc. #143).

Defendant Horne asserts that on July 8, 2022, she requested that Plaintiff supplement his discovery responses and provide executed medical authorizations. (Doc. #163, *PageID* #1096). According to Defendant Horne, on July 8, 2022, "Plaintiff indicated he cannot release records to Defendant because he does not have them in his possession. *Id.* On July 26, 2023, counsel clarified the request is for Plaintiff to sign authorizations so the records can be released directly to Defendant—not for Plaintiff to obtain the records and then produce them to Defendant." *Id*.

2

(internal citation omitted).  Shortly thereafter, on August 2, 2022, Plaintiff responded that he was "not giving [Defendant Horne] any permissions." *Id.*

Defendant Horne then filed a Motion to Compel Discovery, requesting that the Court compel Plaintiff to supplement his responses to Defendant Horne's discovery requests and to produce signed authorizations releasing Plaintiff's medical and/or psychiatric records to Defendant Horne.  (Doc. #145).  On August 24, 2022, the undersigned held a follow-up discovery teleconference.  During the teleconference, Plaintiff indicated that he had not reviewed the Motions to Compel Discovery because he had difficulty opening the PDF attachments from Defendants' emails.  The undersigned directed Defendants to send Plaintiff paper copies in the mail.  Regarding Defendants' discovery requests, the undersigned advised Plaintiff that his medical records are relevant to the case and instructed Plaintiff to sign the medical authorizations.

On January 12, 2023, the undersigned denied Plaintiff's Motion to Compel without prejudice to renewal; ordered Defendants to serve all discovery requests upon Plaintiff via regular mail; and instructed Plaintiff to respond to all discovery requests by Defendants within thirty days.  (Doc. #159).  Defendant Horne asserts that on January 13, 2023, she re-served Plaintiff via U.S. mail with her First Set of Interrogatories and Requests for Production of Documents.  (Doc. #163, *PageID* #1097).  On February 14, 2023, Plaintiff produced partial records from Kettering Health Network Grandview Hospital, including several Emergency Department visits in September 2017.  *Id.*  However, Plaintiff did not provide any other substantive discovery responses and did not include signed medical authorizations.  *Id.*  After receiving the records from Plaintiff, Defendant Horne's counsel notified Plaintiff that Defendant Horne's name did not appear in the records, and Defendant Horne was not involved in Plaintiff's care.  *Id.*  Defendant Horne's counsel requested

3

that Plaintiff dismiss Defendant Horne from this lawsuit due to her lack of involvement. *Id.* At the time of filing the instant Motion, Plaintiff had not moved to dismiss Defendant Horne. *Id.*

## II. Standard of Review

Under Federal Rule of Civil Procedure 41(b), "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." When considering whether dismissal is appropriate under this rule, the Court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))).

Furthermore, under Federal Rule of Civil Procedure 37(b)(2)(A), courts can impose sanctions, including dismissal of the action in whole or in part, for a party's failure to comply with discovery orders. Dismissal under either Fed. R. Civ. P. 37(b)(2)(A)(v) or Fed. R. Civ. P. 41(b) takes into consideration the same factors. *Rogers v. City of Warren*, 302 F. App'x 371, 376 n.6

4

(6th Cir. 2008); *Marsh v. Rhodes*, No. 17-1211, 2017 WL 7833767, at *2 (6th Cir. Dec. 14, 2017) ("we consider the same four factors in deciding whether dismissal is warranted[.]").

### III. Discussion

Defendant Horne moves to dismiss Plaintiff's claims against her pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2)(A) for failure to prosecute, failure to cooperate in discovery, and for failure to comply with this Court's Discovery Order. (Doc. #163, *PageID* #1098). In support, Defendant Horne discusses six factors set forth by the Third Circuit Court of Appeals in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). However, as described above, courts in the Sixth Circuit balance four factors. *See Schafer*, 529 F.3d at 737.

#### A. Willfulness, Bad Faith, or Fault

"To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Importantly, when considering this factor, the Sixth Circuit has repeatedly stated that dismissal should only be ordered where there is a "clear record of delay or contumacious conduct." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)) (internal quotation marks omitted). Contumacious conduct consists of behavior that is "'perverse in resisting authority' and 'stubbornly disobedient.'" *Schafer*, 529 F.3d at 737 (quoting Webster's Third New Int'l Dictionary 497 (1986)).

Defendant Horne asserts that throughout the four-and-a-half-year history of this litigation, Plaintiff has failed to meaningfully cooperate in discovery. (Doc. #163, *PageID* #1095). Further, Defendant Horne contends that Plaintiff's conduct is "clearly willful as evidenced by the several

5

responses from Plaintiff wherein he explicitly refuses to produce medical authorizations to Defendants, even going to far as to state: 'I'm not giving you any permissions.'" *Id.* at 1100 (citing Doc. #163-9). Indeed, on August 2, 2022, in an email to Defendant Horne's counsel, Plaintiff refused to sign the medical authorizations. (Doc. #163-9, *PageID* #1164).

Based on the facts before the Court, the undersigned cannot find that Plaintiff has failed to cooperate with discovery for *four-and-a-half years*. Indeed, Defendant Horne did not serve her First Set of Interrogatories and Request for Production of Documents on Plaintiff until March 17, 2022. (Doc. #163, *PageID* #1095). Furthermore, although Defendant Horne contends that Plaintiff's initial responses were inadequate, Plaintiff expressed concern with releasing information to Defendants without a protective order in place. (Doc. #163-2, *PageID* #s 1122-23, 1129-31); *see also* Doc. #140, *PageID* #932. The Protective Order was not issued until July 6, 2022. (Doc. #143). Finally, Plaintiff stated during the August 24, 2022 discovery teleconference and in a previous filing (Doc. #153) that he had difficulty viewing documents from Defendant Horne's counsel because they were emailed to him as attachments.[2] To account for this difficulty, on January 12, 2023, the undersigned ordered Defendants to serve all discovery requests and documents filed with the Court upon Plaintiff via regular mail. (Doc. #159).

While Plaintiff's objections based on the lack of protective order were reasonable, after the Protective Order was in place, Plaintiff failed to provide adequate responses to Defendant Horne's discovery requests. *See* Doc. #163, *PageID* #1096; Doc. #s 163-6, 163-7, 163-8, 163-9. Indeed, even after Defendant Horne mailed her discovery requests to Plaintiff after the undersigned's

---

[2] The undersigned notes that in an email to counsel for Defendants in July 2022, Plaintiff asked that they include the text of the attached documents in the body of the email because he has to go to his office to download the documents. (Doc. #163-7, *PageID* #1155). In a later email to Defendant Horne's counsel, Plaintiff reiterated his request that she include the text in the body of the email and indicated that "if I find the text not to be offensive to my position I will travel to my office and proceed with more modern protocols." *Id.* at 1154. This suggests that Plaintiff could view the documents with little burden or additional expense but chose not to.

January 12, 2023 Order, he only produced partial records from Kettering Health Network Grandview Hospital. (Doc. #163, *PageID* #1097). Plaintiff did not provide any other substantive discovery responses or signed medical authorizations. *Id.*

Plaintiff only provides a limited explanation for his failure to sign the medical authorizations after the Protective Order was issued. Plaintiff asserts that Defendant Horne's attorney does not need a medical release from him to view records in possession of Defendants because she is the "lead attorney" for Kettering Health Network and Dayton Osteopathic Hospital. (Doc. #168, *PageID* #1368). Plaintiff's argument fails for two reasons. First, Defendant Horne's attorney does not represent Kettering Health Network or Dayton Osteopathic Hospital. *See* Doc. #170, *PageID* #1401. Further, regardless of whom Defendant Horne's attorney represents, Plaintiff must sign valid HIPAA authorizations before records can be released.

Plaintiff also asserts that he has since agreed to "comply and release all required documents." (Doc. #168, *PageID* #1368) (citing Doc. #168-4, *PageID* #1389). Despite his agreement, he has not signed a valid HIPAA authorization to release the records. *See* Doc. #170, *PageID* #1402. Instead, it appears Plaintiff attempted to authorize the release of his medical information via email by including his "esignature." (Doc. #168-4, *PageID* #s 1390-91); (Doc. #168-5, *PageID* #1392). In response to Plaintiff's email, counsel for Defendant Horne correctly advised Plaintiff that his email does not "qualify as a 'release' of records" as all health facilities require the form that was previously sent to Plaintiff. (Doc. #168-4, *PageID* #1390).

Despite Plaintiff's inadequate responses to Defendant Horne's discovery requests, at this time, the undersigned cannot find that Plaintiff's actions were motivated by willfulness, bad faith, or fault. Although Plaintiff has failed to provide complete responses to Defendant Horne's discovery requests, he has not defied an order compelling his response to those requests. *Cf.*

*Harmon*, 110 F.3d at 367 (dismissal found to be appropriate when the plaintiff's counsel failed to respond to repeated discovery requests and then defied a court order compelling discovery responses and cooperation). Indeed, the undersigned denied Defendant Horne's Motion to Compel without prejudice to renewal because Defendant Horne did not attach any of her discovery requests, Plaintiff's responses, or copies of email correspondence between the parties. (Doc. #159). Rather than refile her Motion to Compel with the appropriate attachments, Defendant Horne instead filed the Motion to Dismiss that is presently before the Court.

Furthermore, Plaintiff has generally filed timely responses to Defendant Horne's motions and has participated in teleconferences with the undersigned. *Cf. Rogers v. City of Warren,* 302 F. App'x 371, 377 (6th Cir. 2008) (dismissal upheld when plaintiff failed to appear twice and failed to explain his non-appearance despite orders to show cause). Finally, Plaintiff has indicated that he is willing to "comply and release all required documents." (Doc. #168, *PageID* #1368).

Based on Plaintiff's representation that he will "comply and release all required documents," (Doc. #168, *PageID* #1368), the undersigned cannot find at this time that Plaintiff's failure to cooperate was motivated by willfulness, bad faith, or fault. Accordingly, this factor weighs in favor of denying Defendant Horne's Motion to Dismiss.

    **B.**    **Prejudice**

The Sixth Circuit has held, for purposes of the second factor, that a defendant is prejudiced by the plaintiff's conduct where the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon*, 110 F.3d at 368; *see also Schafer*, 529 F.3d at 737. Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607,

2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony").

Defendant Horne has had to expend time and resources in pursuit of discovery responses Plaintiff was legally obligated to provide. *See Harmon,* 110 F.3d at 368 ("We have no doubt that CSXT was prejudiced by Harmon's failure to respond to its interrogatories. Not only had CSXT been unable to secure the information requested, but it was also required to waste time, money, and effort in pursuit of cooperation which Harmon was legally obligated to provide."). As Defendant Horne correctly points out, the medical records sought are relevant to Plaintiff's claims and her defense of those claims, Plaintiff controls the access to his medical records, and she cannot obtain the records without valid medical authorizations signed by Plaintiff. Further, the record shows that counsel for Defendant Horne has made several attempts to contact Plaintiff about her discovery requests after the Protective Order was issued. *See* Doc. #s 163-7, 163-8, 163-9. Accordingly, the undersigned finds that Plaintiff's failure to adequately respond to Defendant Horne's discovery requests, including but not limited to her request for signed medical authorizations, has prejudiced Defendant Horne. Thus, this factor weighs in favor of granting Defendant Horne's Motion to Dismiss.

    **C.**    **Warning**

When considering the third factor, the Court asks "whether the dismissed party was warned that failure to cooperate could lead to dismissal." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)).

9

In the present case, Plaintiff was not expressly warned that failure to respond to Defendant Horne's discovery requests or to sign the medical authorizations would lead to dismissal. The undersigned explained to Plaintiff during the August 24, 2023 teleconference that, if Defendants' Motions to Compel were granted and Plaintiff failed to comply with the Court's Order, Defendants could seek sanctions, including dismissal of the case. However, the undersigned denied Defendant Horne's Motion to Compel (Doc. #145) without prejudice to renewal (Doc. #159).

Accordingly, this factor weighs against granting Defendant Horne's Motion to Dismiss.

### D. Less Drastic Sanctions

Finally, the Court should consider "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). Such sanctions might include ordering that certain "designated facts be taken as established for purposes of the action, as the prevailing party claims," or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," among other things. *See* Fed. R. Civ. P. 37(b)(2)(A) (listing potential sanctions for failing to obey a discovery order).

Defendant Horne asserts that there is no effective sanction at this stage of the case other than dismissal of the claims against her. (Doc. #163, *PageID* #1100). She notes that the Court has held several telephone conferences regarding discovery issues and has admonished Plaintiff about his filing and failure to cooperate in discovery. *Id.* at 1100-01. According to Defendant Horne, these efforts by the Court and parties have not been effective in moving this case forward. *Id.* at 1101.

Defendant Horne is correct that the undersigned has admonished Plaintiff regarding his participation—or lack thereof—in discovery. However, the Court has not yet considered or

10

utilized a lesser sanction. As such, this factor weighs against granting Defendant Horne's Motion to Dismiss.

In sum, three of four factors weigh in favor of denying Defendant Horne's Motion to Dismiss. Although Defendant Horne's frustration with Plaintiff's failure to adequately respond to her First Set of Interrogatories and Request for Production of Documents is understandable, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Wu,* 420 F.3d at 643 (citation and internal quotation marks omitted). At this time, given Plaintiff's statement that he will comply and release his records, there is not a clear record of contumacious conduct by Plaintiff. Accordingly, the undersigned recommends that Defendant Horne's Motion to Dismiss (Doc. #163) be **DENIED**.

### E. Outstanding Discovery Requests

As discussed above, Plaintiff has agreed to "comply and release all required documents." (Doc. #168, *PageID* #1368) (citing Doc. #168-4, *PageID* #1389). Based on Plaintiff's representation, and in an effort to minimize further delay, Plaintiff is **ORDERED** to respond to all of Defendant Horne's First Set of Interrogatories and Request for Production of Documents, including the medical authorizations,[3] on or before **January 31, 2024**. Plaintiff is **ADVISED** that his failure to comply with this Order may result in the imposition of sanctions, including but not limited to the dismissal of this action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2).

---

[3] Plaintiff must sign valid HIPAA authorizations to release the records. His "esignature" in an email is not a valid authorization for release of the records.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff shall respond to Defendant Horne's First Set of Interrogatories and Request for Production of Documents, including the medical authorizations, on or before **January 31, 2024.**

**IT IS THEREFORE RECOMMENDED THAT**:

Defendant Stefanie Horne's Motion to Dismiss (Doc. #163) be **DENIED**.

| | |
|---|---|
| December 27, 2023 | *s/Peter B. Silvain, Jr.* |
| | Peter B. Silvain, Jr. |
| | United States Magistrate Judge |

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).